JACOB ROSEN, Respondent, *v.* MASSACHUSETTS ACCIDENT COMPANY, Appellant.

Submitted February 28, 1940; decided April 16, 1940.

*William A. Hyman* and *Harold W. Hayman* for appellant. Section 406-f of the Insurance Law (Cons. Laws, ch. 28) provides that whenever a proceeding for rehabilitation, reorganization or liquidation shall be commenced in a

reciprocal State against an insurer domiciled in such State and doing business in this State, no action or proceeding against such insurer may thereafter be commenced or continued in the courts of this State unless initiated or consented to by the insurance supervisory of such reciprocal State. Massachusetts is a reciprocal State. At the time of the appointment of the receiver the defendant was doing business in this State. Therefore, under said statute, the receiver was entitled to a stay of the action. (*Ginsburg* v. *Equitable Life Assur. Society*, 254 App. Div. 445; 279 N. Y. 810; *Smith* v. *Massachusetts Accident Co.*, 143 Misc. Rep. 227; 236 App. Div. 886; *Provident Savings Life Assur. Society* v. *Kentucky*, 239 U. S. 103; *Johnston* v. *Mutual Reserve Life Ins. Co.*, 43 Misc. Rep. 251; *Smith* v. *Compania Litografica de La Habana*, 121 Misc. Rep. 368; *Connecticut Mutual Life Ins. Co.* v. *Spratley*, 172 U. S. 602.) The only question presented for review is whether the Massachusetts Accident Company was doing business in the State of New York on August 30, 1939. (*Bowlby* v. *McQuail*, 240 N. Y. 684; *Central Trust Co.* v. *Pittsburgh, S. & N. R. R. Co.*, 229 N. Y. 68; *Waldo* v. *Schmidt*, 200 N. Y. 199; *Gramnan* v. *Westchester Racing Assn.*, 153 N. Y. 449.)

*Meyer Kreeger* and *Charles E. Buckner* for respondent.

SEARS, J. In 1928 the defendant issued to the plaintiff a policy of disability insurance (accident and health) by the terms of which it insured the plaintiff for the period of one year against loss from certain disabilities therein stated. The policy provided for annual renewals and was continuously renewed so that it was in force on October 11, 1938, when this action was brought. The action is for alleged losses from disabilities as provided in the policy. The Commissioner of Insurance of the Commonwealth of Massachusetts, who was appointed receiver of the defendant for the purpose of rehabilitation by a decree of the Supreme Court of that State on August 30, 1939, has moved to stay the further prosecution of the action under the provisions

of section 406-f of the Insurance Law (Cons. Laws, ch. 28) as then in force (now section 522) which reads as follows: " Whenever a proceeding for rehabilitation, reorganization or liquidation shall be commenced in a reciprocal state against an insurer domiciled in such state and doing business in this state, title to all of the assets of such insurer, except special deposits as hereinafter provided, then located in this state shall vest in the insurance supervisory or other administrative agency of such reciprocal state. Thereafter no action or proceeding against such insurer or such assets, except such special deposits, shall be commenced or continued in the courts of this state unless initiated, or consented to, by such insurance supervisory or other administrative agency of such reciprocal state." The Special Term denied the motion for a stay and its order to this effect was affirmed by the Appellate Division, which, however, allowed an appeal and certified the following question: " Was the Massachusetts Accident Company doing business in the State of New York on August 30th, 1939, when the Commissioner of Insurance of the Commonwealth of Massachusetts was appointed Receiver of the defendant company, so as to entitle said Commissioner of Insurance to a stay under Section 406-f of the Insurance Law of the State of New York?" The answer to the question depends upon the interpretation of the words " and doing business in this state " in the quoted section of the law.

By chapter 232 of the Laws of 1936 the Legislature enacted a series of new sections of the Insurance Law (§§ 406-a to 406-h), the purpose of which was stated in the first of these sections (§ 406-a), as follows: " The purpose of sections four hundred and six-a to four hundred and six-h, inclusive, is to promote uniformity in the rehabilitation, reorganization or liquidation of insurers doing business in more than one state. It is intended that such sections shall be liberally construed to the end so far as possible that the assets of such insurers shall be equally and uniformly conserved in all states and that claimants against such insurers shall receive equal and uniform treatment irrespective of residence

or place of the acts or contracts upon which their claims are based."

Until 1934 the defendant company was fully licensed to carry on its business in this State, and this included the power to issue policies of insurance. In 1934, however, when the license expired, the defendant did not ask for a renewal so as to enable it to transact the business of issuing policies of insurance within the State. It did obtain licenses from the State to have agents in the State for the purpose only of collecting premiums due or renewal premiums which might become due on business which the agent wrote for the company while the company was fully licensed, and to render such services as an agent might properly render under the provisions of former section 91-a of the Insurance Law, either to the insured or to the company. Under these licenses the defendant has done business and has regularly paid franchise taxes as required by section 187 of the Tax Law (Cons. Laws, ch. 60). It has maintained offices in the city of New York, with telephone listing. It has several employees in the New York offices. It has filed income tax reports with the State of New York for salaries received and earned within the State. Agents of the defendant, duly licensed, have transacted business for the defendant in twelve cities of the State outside of New York city. It is clear that the defendant, despite its withdrawal from the business of writing new insurance, still has been doing business so as to bring it within the jurisdiction of the courts of this State. (*Connecticut Mut. Life Ins. Co.* v. *Spratley,* 172 U. S. 602. And see *Provident Savings Life Assurance Society* v. *Commonwealth of Kentucky,* 239 U. S. 103.) In fact, the plaintiff alleges in his complaint that the defendant is licensed to do business in the State and has an office for the transaction of its business in the State of New York.

We are called upon, then, to determine whether the words " and doing business in the state," as used in section 406-f of the Insurance Law, has reference to the full business of an insurance company, or to the doing of business (as that expression is usually construed) sufficient to give our

courts jurisdiction. The purpose of the enactment of the series of sections of the Insurance Law, of which section 406-f is one, helps us to reach a conclusion in this respect. The orderly liquidation or rehabilitation is the aim. When practicable a single legal proceeding in one State will best accomplish this. So the Legislature has determined. This is the reason why suits in other States are to be stayed. This being the purpose of the enactment, it is immaterial what kind of business is done by the insurance company in other States than the one undertaking the liquidation or rehabilitation. Orderly procedure would be disturbed just as much by litigation in other States whatever kind of business the company conducts there. Recognizing the requirement that the provisions of section 406-f are to be liberally construed so as to attain the purpose of the enactment of which it is a part, we reach the conclusion that doing business within the State does not have reference solely to such business as the company may do under a full license but refers equally to the situation where the company is doing a limited business but enough to bring it within the jurisdiction of the State tribunals.

Whether Massachusetts is a reciprocal State within the meaning of the provisions of the Insurance Law is not open to determination on this appeal as no such question was raised on the motion at the Special Term or in the Appellate Division. The only question open is that certified by the Appellate Division.

The orders should, therefore, be reversed, with costs in all courts, and the motion of the defendant granted. The question certified should be answered in the affirmative.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Orders reversed, etc.