**ACE GRAIN CO., Inc. v. RHODE ISLAND INS. CO. et al.**

United States District Court
S. D. New York.
April 25, 1952.
Judgment Affirmed Dec. 1, 1952.
See 199 F.2d 758.

Otto & Easterday, New York City, for judgment creditor, by Samuel C. Otto, Henry E. Otto, New York City, of counsel.

Rein, Mound & Cotton, New York City, for judgment debtor.

Kresel & Meyerson, New York City, for Thomas J. Meehan, Director of Business Regulation of the State of Rhode Island, appearing specially.

Cgravath, Swaine & Moore, New York City, for Doeskin Products, Inc., by Geo. Stephen Leonard, New York City, of counsel.

GODDARD, District Judge.

The Ace Grain Company, Inc., a judgment creditor of the Rhode Island Insurance Company moves for an order requiring Doeskin Products, Inc., the third party, to turn over to the attorney for the judgment creditor, the principal and interest of certain of the third party's debentures now registered in the name of the judgment debtor.

The receiver of the judgment debtor, Rhode Island Insurance Company [hereinafter referred to as the Insurance Company or insurer], appearing specially in connection with this application, requests that he be permitted to intervene to pro-

tect the assets of the receivership estate, and for an order

1—Dismissing these supplementary proceedings;

2—Enjoining and restraining all actions or proceedings in the nature of an attachment, garnishment, or execution;

3—Vacating the third party subpoena served upon Doeskin Products, Inc., and all stays heretofore granted.

The interest on the debentures is payable semi-annually in the amount of $15,-600 on January first and July first. The next interest date is July 1, 1952.

On July 20, 1950, the Rhode Island Superior Court appointed Thomas J. Meehan, Director of Business Regulation of the State of Rhode Island, the equivalent of New York's Superintendent of Insurance, receiver of the Insurance Company. Under the statute governing his appointment, the Director of Business Regulation acquires title to all the company's assets as of the date of the order directing him to take possession.

The Ace Grain Company, Inc., carrying insurance with the Insurance Company, claimed a loss covered under the policy, and in June, 1950, prior to the appointment of the receiver, brought suit against the company in New York, and ultimately judgment was entered by default against the Insurance Company on December 24, 1951, for $30,630.03. From this judgment the Insurance Company has appealed to the Court of Appeals.

The Insurance Company owns $780,000 face value Doeskin debentures, and the Ace Grain Company, Inc. seeks to have the Insurance Company transfer and deliver to the Ace Grain Company so many of the debentures as will, in the open market, provide a sum sufficient to satisfy Ace Grain Company's judgment of $30,630.03 with interest from December 24, 1951.

The receiver, claiming title to the debentures, resists the demands now made by the Ace Grain Company and asks that these entire proceedings be terminated on the ground that the Ace Grain Company is attempting to obtain an unlawful preference

in violation of Section 523 of the New York Insurance Law, McK. Consol. Laws, c. 28.

The Uniform Insurers Liquidation Act was adopted by both New York and Rhode Island effective July 1, 1940. In New York it became a part of the Insurance Law and was numbered Sections 517 to 524. In Rhode Island it became Chapter 853 of the Laws of 1940. The Uniform Insurers Liquidation Act was the result of a long standing policy to prevent attempts of local creditors to seize the assets within the state of a foreign insurer for whom a receiver had been appointed in a foreign state to the end that all creditors of the insurer would secure equal treatment and that no creditor would be allowed to obtain an advantage over other creditors similarly situated.

The pertinent parts of the New York statute are as follows:

"§ 517. Uniform insurers liquidation act; title; definitions * * *

"2. 'Delinquency proceeding' means any proceeding commenced against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving such insurer."

"7. 'Reciprocal state' means any state other than this state in which in substance and effect the provisions of this act are in force, including the provisions requiring that the insurance commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer."

"§ 518. Conduct of delinquency proceedings against insurers domiciled in this state * * *

"3. Upon taking possession of the assets of a delinquent insurer the domiciliary receiver shall, subject to the direction of the court, immediately proceed to conduct the business of the insurer * * *.

"§ 519. Conduct of delinquency proceedings against insurers not domiciled in this state; domiciliary receiver may sue * * *

"2. The domiciliary receiver for the purpose of liquidating an insurer dom-

iciled in a reciprocal state, shall be vested by operation of law with the title to all of the property * * * of the insurer located in this state * * *."

"§ 521. Filing and proving of claims of residents against delinquent insurers domiciled in reciprocal states

"1. In a delinquency proceeding in a reciprocal state against an insurer domiciled in that state, claimants against such insurer who reside within this state may file claims either with the ancillary receiver, if any, appointed in this state, or with the domiciliary receiver. * * *"

"§ 523. Attachment and garnishment of assets

"During the pendency of delinquency proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. * * *"

Chapter 853 of the Rhode Island Laws is the identical act save for some minor differences and save that the insurance supervisory official required to be appointed receiver is designated as the Director of Business Regulation. The Rhode Island statute so refers to him and an affidavit of the Rhode Island Attorney General declares that he is the appropriate official in Rhode Island. New York and Rhode Island are reciprocal states, each having adopted the Uniform Insurers Liquidation Act.

The judgment creditor denies that the Uniform Insurers Liquidation Act applies to the present situation. However, the petition for receivership, after reciting the financial difficulties of the Insurance Company, sought the receivership for the purpose of preserving its assets and rehabilitating the company. The decree of the Rhode Island Court appointed the receiver under Chapter 853 which is Rhode Island's enactment of the Uniform Act. The receivership falls squarely within the statute, Section 517, et seq., New York Insurance

Law, which is substantially identical with the Rhode Island Act. The advantage which the judgment creditor now seeks to secure is the very thing the statute is intended to prevent. The judgment creditor, among other contentions, denies that this receivership was a "delinquency proceeding" since the Insurance Company was not insolvent and the business was carried on by the receiver. Section 517(2) of the New York Act, and Section 1(2) of the Rhode Island Act state that a delinquency proceeding is

> "* * * any proceeding commenced against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving such insurer."

Section 518 of the New York Insurance Law provides that the receiver shall, subject to the direction of the court, conduct the business of the insurer. A similar provision appears in Section 2 of the Rhode Island Act.

■ The New York Insurance Law in clear terms prohibits the maintenance of any proceeding in the nature of attachment or execution against a delinquent insurer or its assets during the pendency of delinquency proceedings in this or any other reciprocal state. See Rosen v. Mass. Accident Co., 282 N.Y. 447, 26 N.E.2d 972—a decision under the former New York Insurance Law.

Service in the suit was effected under Section 59-a of the New York Insurance Law which allows substituted service on a foreign insurer where the insurer has performed certain acts in New York. The suit was removed from the state court to this court. The Insurance Company moved to quash service on the ground that Section 59-a was not applicable as it had not performed the acts in New York specified in the section. This motion to quash was heard by Judge McGohey [Ace Grain Co. v. American Eagle Fire Ins. Co., D.C., 95 F.Supp. 784], who held that the Insurance Company had performed the requisite acts and that Section 59-a was applicable and that the provision in Section 59-a requiring that a foreign insurer post a sufficient bond as a condition for the filing of a pleading in any suit brought against it in New York was constitutional. Upon a reargument it was urged that the receiver should not be required to file security because it might ripen into the equivalent of an attachment in violation of Section 523 of the New York Insurance Law. However, Judge McGohey adhered to his original decision without stating the grounds. The Rhode Island court refused the receiver permission to post security and no answer was filed.

The Insurance Company appealed from the denial of the motion to quash, but the appeal was dismissed by the Court of Appeals on the ground that it was not a final order.

Subsequently Judge Weinfeld found the Insurance Company in default as it had filed no answer and judgment was entered against the Insurance Company on December 24, 1951 for $30,630.03. In an effort to collect, the judgment creditor served a subpoena upon the third party, Doeskin Products, Inc.

The judgment creditor argues that the decisions of Judge McGohey and Judge Weinfeld are res judicata.

The judgment debtor contends that even if the judgment against it is binding, this does not entitle the judgment creditor to levy on the debentures.

■ The judgment creditor relies on the fact that the judgment provided for execution. But not all property is subject to execution. See Section 665, New York Civil Practice Act. The present question is whether these debentures are subject to execution. This is a different issue and one not presented in the prior proceedings and depends upon the applicability of the Uniform Act. To be res judicata, it must appear that the fact in question was raised and previously determined. Russell v. Place, 94 U.S. 606, 24 L.Ed. 214. That does not appear here.

■ A finding is not conclusive unless necessary to the decision of the issues then under consideration. Minneapolis-Honeywell Regulator Co. v. Thermoco, Inc., 2 Cir., 116 F.2d 845; Moran Towing &

Transportation Co. v. Sunset Lighterage Corp., 2 Cir., 62 F.2d 761.

█ I do not think that the decisions in previous proceedings in this case are res judicata as to the application of the Uniform Act, at least as to the question which has now arisen.

█ The motion of the Ace Grain Company, Inc. requiring the third party, Doeskin Products, Inc. to turn over the principal and interest of certain of the debentures of the Doeskin Products, Inc., now registered in the name of the judgment debtor, is denied.

█ The motion of the receiver of the Insurance Company for an order dismissing these supplementary proceedings, enjoining and restraining all actions or proceedings in the nature of an attachment, execution or garnishment, vacating the third party subpoena served upon Doeskin Products, Inc., is granted.

Settle order on notice.