Minna S. EZELL, Plaintiff,

v.

EQUITY GENERAL INSURANCE COMPANY and J. Edward Larson, Receiver for Equity General Insurance Company, Defendants.

Civ. Misc. No. 833.

United States District Court
D. Oregon.

Oct. 17, 1962.

William B. Wyllie, Rhoten, Rhoten & Speerstra, Salem, Or., for plaintiff.

Paul D. Hanlon, Hart, Davidson, Veazie & Hanlon, Portland, Or., for defendants (garnishees).

EAST, District Judge.

The plaintiff holds a judgment for the recovery of money against the Equity General Insurance Company, a Florida corporation (Equity), which she obtained on March 31, 1961 in the United States District Court for the District of Arkansas, and thereafter caused to be registered in this District.[1] Plaintiff then sought to enforce her " * * * judgment of (this Court) * * * " by causing the United States Marshal of this District, pursuant to a writ of execution of this Court issued on May 31, 1961, to make a general garnishment of credits and property of Equity within Oregon and in the hands of V. Dean Musser, former ancillary receiver of Equity in Oregon, Walter G. Korlann, as Insurance Commissioner of the State of Oregon and as ancillary receiver of Equity, and Howard C. Belton, as State Treasurer of the State of Oregon, all as garnishees.

It appears from the answer of the garnishee V. Dean Musser filed herein that:

(a) On September 23, 1960, Equity was declared insolvent and placed in receivership by order of the Circuit Court for Leon County, in Equity's domiciliary State of Florida;

(b) On October 14, 1960, the Circuit Court of the State of Oregon for the County of Marion duly declared Equity insolvent and appointed the Oregon Insurance Commissioner as ancillary receiver in Oregon for Equity, pursuant to the provisions of ORS 751 (Uniform Insurers Liquidation Act); and

(c) The garnishees had possession and jurisdiction over certain securities previously deposited by Equity pursuant to provisions of Oregon statutes and that

1. "A judgment * * * for the recovery of money * * * entered in any district court * * * may be registered in any other district * * * (and) shall have the same effect as a judgment of the district court * * * where registered and * * * enforced in like manner." Title 28 U.S.C.A. § 1963.

"said securities are held and administered as trust funds" for the benefit of the State of Oregon and claimants having valid claims in the aforesaid Oregon ancillary receiver proceedings.

Rule 69, F.R.Civ.P. provides, *inter alia*:

"* * * the procedure on execution * * * and in proceedings on and in aid of a judgment, and * * * of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought * * *."

It appears from the return of the United States Marshal that he made the garnishment pursuant to the procedure provided in ORS 23.410(4) and 29.170 (3). The garnishees have answered as provided in 29.280, and the plaintiff has excepted to the garnishees' answer as provided by ORS 29.340. Procedurally, the parties are satisfied and no issue is raised.

■■ However, with the answer, the garnishees have moved for an order quashing and dismissing the execution and garnishment aforesaid, relying upon § 751.090 of the Act, which provides:

"During the pendency of delinquency proceedings in this * * * state * * * no proceeding in the nature of * * * garnishment or execution shall be * * * maintained in the courts of this state against * * insurer or its assets."

Suffice to say that the above statute 751.-090 is substantive law of the State of Oregon concerning creditors' rights to properties of debtors located within the State and that this Court is obliged to honor it. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The court in Ace Grain Co. v. Rhode Island Insurance Co., 107 F.Supp. 80, 81 (S.D. N.Y.) (Rhode Island Ins.) dealt with the precise question we have here, and its holding is adverse to the plaintiff herein. In Rhode Island Ins., Ace held a judgment originally entered by the District Court of New York. The plaintiff here holds a judgment in the District Court of Oregon by transfer and seeks execution in Oregon (in each instance, jurisdiction for the District Court was based upon diversity). Ace sought execution in New York, the situs of the judgment, against assets of Rhode Island Ins. in the hands of ancillary receiver. In face of the provision of the Uniform Insurers Liquidation Act, identical with ORS 751.090, supra, the New York District Court held it was bound to acknowledge that law and granted the receiver for Rhode Island Insurance Company's motion for an order in effect quashing the execution and "enjoining and restraining all actions or proceedings in the nature of an * * * execution * * *" upon its judgment. The plaintiff contends that Rhode Island Ins. is not applicable to the present proceedings because both the State of Rhode Island, domicile of the defendant, and the State of New York, original situs of the judgment, "had the Uniform Act," whereas the original situs of plaintiff's judgment here, Arkansas, has not enacted the Act. Plaintiff overlooks the fact that she is not attempting to here enforce a judgment of the District Court of Arkansas and that this Court is duty bound to recognize the substantive law of the State of Oregon in dealing with its judgment in these proceedings. § 1963, supra. This Court makes no ruling upon plaintiff's suggestion that she, as a resident of Arkansas, cannot participate with either her District of Arkansas or Oregon judgment in either the domiciliary (Florida) or the Oregon ancillary proceedings as a general creditor of the defendant. That is a bridge for her to tread in those respective state receivership proceedings. The plaintiff cites United States ex rel. Marcus v. Lord Electric Co., 43 F.Supp. 12 (W.D.Pa. 1942) as authority for the proposition that the law of the district granting the judgment and not that of the district of levy controls. Counsel misreads the case. This, of course, is true as to all judgment obtained for the use of the United States under the Act of Congress then in effect, Title 28 U.S.C.A. § 839, now codified as § 2413 of Title 28.

This Court is constrained to follow the New York District Court's decision, which was affirmed by the Court of Appeals for the Second Circuit, 199 F.2d 758.

This Court is of the opinion that the garnishees are entitled to an order of this Court quashing and dismissing the writ of execution heretofore issued by the Clerk of this Court under date of May 31, 1961 and the purported notice of garnishment heretofore served upon the defendant garnishees.

Counsel for the defendants is requested to submit appropriate order.