Samuel M. Gold, J.
The subject insurance company, Empire Mutual Insurance Company, is a Pennsylvania corporation. It is insolvent and in dissolution, under the supervision of plaintiff as Insurance Commissioner of the Commonwealth of Pennsylvania and Statutory Liquidator of Empire. She has brought this action against the defendants upon a charge that they conspired to and did act to give to the insurance company an appearance of solvency when, in fact, it was insolvent, to the injury of creditors and policyholders. The Blair defendants move for dismissal of the complaint pursuant to CPLE 3211 (subd. [a], pars. 3, 7). By separate motions, the defendant Gairdner & Company, Inc., and the defendant Overseas Investors, Inc., move for judgment dismissing the complaint pursuant to CPLE 3211 (subd. [a], par. 3).
Plaintiff is acting under an order and final decree entered in the Court of Common Pleas of Dauphin County, Pennsylvania, which directed her ‘ ‘ to take possession of the property and records of the said company ”, It does not expressly appear that plaintiff was clothed with authority to sue here or elsewhere upon this cause of action. Nor does plaintiff’s capacity to sue appear affirmatively in the complaint. Defendants’ principal contention is based on the Uniform Insurers Liquidation Act, which provides in subdivision 3 of section 519 of the New York Insurance Law: ‘ ‘ The domiciliary receiver of an insurer domiciled in a reciprocal state may sue in this state to recover any assets of such insurer to which he may be entitled under the laws of this state.” (Emphasis supplied.) And in subdivision 7 of *294 section 517: “ ‘ Reciprocal state ’ means any state other than this state in which in substance and effect the provisions of this act are in force, including the provisons requiring that the insurance commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer.” (Ace Grain Co. v. Rhode Is. Ins. Co., 107 F. Supp. 80, affd. 199 F. 2d 758; Dean Constr. Co. v. Agricultural Ins. Co., 22 A D 2d 82.)
In the Bean case (supra, pp, 84-85) the court stated: “ However, New York’s adoption of the Uniform Insurers Liquidation Act does affect and interfere with the right of the Pennsylvania Insurance Commissioner to take possession of Empire’s assets in New York. Because Empire is not, under the Uniform Act, domiciled in a reciprocal State (Insurance Law, § 519, subd. 2), the Pennsylvania Insurance Commissioner is not vested by operation of law with title to Empire’s New York property; nor, for that reason, may he sue to recover Empire’s assets (Insurance Law, § 519, subd. 3).” While the Uniform Act has been adopted by the State of Pennsylvania in some respects, the critical portion thereof, as reflected in subdivision 3 of section 519 of the New York State Insurance Law, has not been adopted.
Plaintiff argues that the claim is entitled to full faith and credit and the equal protection clauses of the Federal Constitution. No judgment is involved. If constitutional requirements could be thus interposed, the Uniform Act and its purposes would be frustrated at the threshold.
Finally, some argument is made that the cause of action is not encompassed as property within the statute. In its broad terms, it includes a cause of action in tort as an asset (Insurance Law, § 517, subd. 8; Matter of Walton, 20 A D 2d 386). The motions are granted.