ATTORNEY GENERAL v AMBASSADOR INSURANCE COMPANY

Docket No. 90697. Submitted December 15, 1987, at Lansing. Decided March 7, 1988.

Sonya R. Wise and Ben R. Torian were allegedly attacked and beaten by other patrons while in Macombo's Lounge in Detroit. Macombo's was insured by Ambassador Insurance Company, a Vermont insurer not admitted to do business in Michigan but which had deposited with the state treasurer a deposit enabling it to operate as a legal surplus lines insurer. Wise and Torian filed suit against Macombo's Lounge in Wayne Circuit Court and obtained a default judgment in the amount of $150,108 on August 21, 1981. However, they did not provide Macombo's with the seven-day notice of the request for judgment to the defaulted party required by the court rules. Wise and Torian served a writ of garnishment on Ambassador, which failed to file a disclosure to the writ, and a default judgment was entered against Ambassador on March 12, 1982. Wise and Torian then served a writ of garnishment on the state treasurer, who filed a disclosure stating he was in possession of the special deposit made by Ambassador and that it·was worth approximately $65,000. Wise and Torian obtained a court order compelling the treasurer to surrender the deposit to the clerk of the Wayne Circuit Court. In the meantime, Ambassador had appealed from the default judgment entered against it on March 12, 1982. The Court of Appeals ordered a stay of proceedings, which prevented enforcement of the Wayne Circuit Court order to surrender the deposit. Macombo's Lounge then filed a delayed application for leave to appeal the default judgment against it. Leave was granted, and the appeal was consolidated with Ambassador's appeal. The Court of Appeals

REFERENCES

Am Jur 2d, Attachment and Garnishment §§ 17, 132, 455; Insurance § 93.

Potential liability of insurer under liability policy as subject of attachment. 33 ALR3d 992.

What is an action for "debt" within attachment or garnishment statute. 12 ALR2d 787.

See also the annotations in the Index to Annotations under Attachment and Garnishment.

in an unpublished opinion per curiam upheld the default against Macombo's, but reversed the default judgments against both Macombo's and Ambassador on the ground that Macombo's had not received the requisite seven-day notice. The case was remanded to the Wayne Circuit Court for a trial on the issue of damages. Prior to any proceedings on remand, Ambassador was placed in receivership by a Vermont court at the request of the Vermont Commission of Banking and Insurance. The receiver applied to the Vermont court for an order of liquidation. Following remand of the Wise and Torian case to the Wayne Circuit Court, the case was mediated for $10,000. The case was removed from Wayne Circuit Court to the 36th District Court, which, on August 10, 1984, entered judgment against Macombo's in the amount of $57,893.35. The Vermont court thereafter declared Ambassador insolvent and ordered its liquidation. Wise and Torian obtained a second default judgment against Ambassador on October 5, 1984, after it again failed to respond to a writ of garnishment. On November 8, 1984, Wise and Torian served a new writ of garnishment on the state treasurer, seeking the deposit made by Ambassador. On December 6, 1984, the Attorney General, at the request of the Commissioner of Insurance, filed a complaint for the ancillary receivership of Ambassador Insurance Company in Ingham Circuit Court. The Ingham Circuit Court appointed the insurance commissioner as temporary ancillary receiver and directed her to take possession of all of Ambassador's property, including the deposit held by the state treasurer. The 36th District Court thereafter issued an opinion granting Wise and Torian's motion to compel the state treasurer to surrender the deposit to satisfy the default judgment against Ambassador. The Wayne Circuit Court subsequently stayed enforcement of the district court's order compelling the surrender of the deposit. The Ingham Circuit Court, on September 17, 1985, granted Wise and Torian's motion to intervene in the ancillary receivership, but held that they were not entitled to satisfy their judgment from the deposit made by Ambassador, the opinion of the 36th District Court notwithstanding. The Ingham Circuit Court then appointed the Commissioner of Insurance permanent ancillary receiver and directed her to take possession of all the assets of Ambassador, including the deposit made to the state treasurer. The Wayne Circuit Court subsequently affirmed the default judgment against Ambassador and held in abeyance the treasurer's appeal from the order compelling surrender of the deposit pending the decision of the Court of Appeals in the action brought by the Attorney General in the Ingham Circuit Court. Wise and Torian appealed by leave

granted from the ruling of the Ingham Circuit Court, Robert Holmes Bell, J., denying their claim to fully satisfy their judgment from the deposit.

The Court of Appeals *held:*

1. The Uniform Insurers Liquidation Act renders void any lien, attachment or garnishment obtained against a delinquent insurance company within four months prior to the commencement of any such delinquency proceeding. The delinquency proceedings in this case began on December 6, 1984, with the appointment of a temporary ancillary receiver. To be valid, therefore, Wise and Torian's garnishment lien on the deposit must have attached prior to August 6, 1984. A garnishment lien attaches upon service of the writ of garnishment. The writ of garnishment and the order compelling the state treasurer to produce the deposit both occurred subsequent to August 6, 1984, and therefore are void. The Ingham Circuit Court correctly concluded that it was not bound by the January 29, 1985, order of the 36th District Court.

2. Wise and Torian's claim that the liability of Ambassador was affirmed in the initial appeal to the Court of Appeals and that the matter was remanded only for trial as to the amount of damages and that their original lien, which predated the insolvency proceedings, therefore should still be valid is rejected. Because the amount of the debt owed by Macombo's was a matter of conjecture at that time, the trial court's conclusion that the naked judgment of liability left intact by the Court of Appeals constituted nothing more than an unliquidated tort claim was correct, and unliquidated tort claims are not proper subjects of garnishments in Michigan.

Affirmed.

1. INSURANCE — DELINQUENT INSURERS — LIENS — UNIFORM INSURERS LIQUIDATION ACT.

The Uniform Insurers Liquidation Act renders void any lien, attachment or garnishment obtained against a delinquent insurance company within four months prior to the commencement of any such delinquency proceeding (MCL 500.7854; MSA 24.17854).

2. GARNISHMENT — LIENS — ATTACHMENT.

A garnishment lien attaches upon service of the writ.

3. ACTIONS — SUBJECT MATTER JURISDICTION — DISMISSAL.

A court's only recourse when called upon to decide an issue over which it has no subject matter jurisdiction is to dismiss the case; any other action is void, and the proceedings may be questioned collaterally as well as directly.

4. Garnishment — Torts — Unliquidated Claims.
    Unliquidated tort claims are not proper subjects of garnishment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *William A. Chenoweth,* Assistant Attorneys General, for plaintiff.

*Linda G. Selbst,* for Sonya R. Wise and Ben R. Torian.

Before: Hood, P.J., and Sawyer and T. E. Jackson,* JJ.

Hood, P.J. Intervening defendants, cross-plaintiffs, counter-plaintiffs-appellants, Sonya R. Wise and Ben R. Torian (intervenors), appeal by leave granted from the decision of the Ingham Circuit Court in favor of plaintiffs-appellees, the Attorney General and the Commissioner of Insurance. The Ingham Circuit Court held that the intervenors were not able to satisfy their default judgment against defendant-appellee Ambassador Insurance Company from a special deposit made by Ambassador with the State of Michigan, despite an order of the 36th District Court compelling the insurance commissioner to turn the special deposit over to the intervenors. Some chronology of events is necessary for an understanding of the case.

On March 13, 1981, intervenors stopped at Macombo's Lounge in Detroit for a drink. While in the bar, they were allegedly attacked and beaten by other bar patrons. Macombo's was insured by defendant Ambassador Insurance Company, a Vermont insurer not admitted to do business in Michigan. Ambassador was operating as a legal surplus lines insurer. Intervenors filed suit against Ma-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

combo's Lounge in Wayne Circuit Court. Macombo's failed to respond to the complaint and was defaulted by intervenors. Intervenors obtained a default judgment against Macombo's in the amount of $150,108 on August 21, 1981. However, intervenors did not provide Macombo's the seven-day notice required by GCR 1963, 520.2(2), now MCR 2.603(B)(1)(b).

Intervenors proceeded to enforce their judgment against Macombo's by serving a writ of garnishment on Ambassador. Ambassador failed to file a disclosure to the writ of garnishment. A default judgment was entered against Ambassador on March 12, 1982. On April 13, 1982, intervenors served a writ of garnishment on the state treasurer. The state treasurer filed a disclosure indicating that he was in possession of a "special deposit" made by Ambassador pursuant to MCL 500.1921(1); MSA 24.11921(1) in the form of a Kentucky Turnpike Authority Certificate with a par value of $100,000. At the time of the disclosure the certificate or bond had a market value of approximately $65,000. Special deposits are statutorily mandated for the protection of Michigan policyholders and beneficiaries.

On May 14, 1982, intervenors obtained an order from the Wayne Circuit Court compelling the treasurer to surrender the bond to the clerk of the court. This Court, on May 17, 1982, acting on a motion brought by Ambassador in its appeal from the default judgment entered against it on March 12, 1982 (Docket No. 63522), ordered a stay of proceedings which prevented enforcement of the May 14 order to surrender the bond. On October 19, 1982, the Court of Appeals granted Macombo's delayed application for leave to appeal from the August 21, 1981, default judgment against it. That appeal (Docket No. 65317) was consolidated with

Ambassador's appeal (Docket No. 63522) from the default judgment entered against it on March 12, 1982.

This Court upheld the default, but reversed the default judgment against Macombo's and defendant in an unpublished per curiam opinion dated September 6, 1983, on the ground that Macombo's had not received the requisite seven-day notice. The case was remanded to the Wayne Circuit Court for a trial on the issue of damages.

Following this Court's decision, but prior to any proceedings on remand, defendant was, on November 10, 1983, placed in receivership by the Washington County Superior Court in Vermont at the request of the Vermont Commission of Banking and Insurance. The receivership was for the purpose of rehabilitation. The Vermont receiver applied to the Washington County Superior Court for an order of liquidation on March 30, 1984.

After the remand to the Wayne Circuit Court, the intervenors' case was mediated for $10,000. This resulted in the Wayne Circuit Court's removal of the case to the 36th District Court for trial pursuant to GCR 1963, p 707, now MCR 4.003. On August 10, 1984, the 36th District Court entered judgment against Macombo's in the amount of $57,893.35.

On September 4, 1984, the Vermont court declared defendant insolvent to the extent of over $45,000,000 and ordered its liquidation.

Intervenors obtained a second default judgment against defendant on October 5, 1984, when defendant again failed to respond to a writ of garnishment. On November 8, 1984, intervenors served a new affidavit and writ of garnishment on the state treasurer reciting the October 5, 1984, default judgment against defendant. On November 21, 1984, intervenors moved for an order from the

36th District Court compelling the state treasurer to surrender the bond. The motion cited and relied upon only the October 5, 1984, default judgment against defendant and the November 8, 1984, writ of garnishment served on the state treasurer. It did not refer to the 1982 writ of garnishment served on the state treasurer.

On December 6, 1984, the instant case was commenced as the Attorney General, at the request of the Commissioner of Insurance, filed a complaint for the ancillary receivership of defendant in the Ingham Circuit Court. On that same day, the circuit court ordered the appointment of the insurance commissioner as temporary ancillary receiver and directed her to take possession of all of defendant's property, including the special deposit held by the state treasurer.

On December 17, 1984, oral argument was held in the 36th District Court on intervenors' motion to compel surrender of the bond and the court issued a written opinion granting the motion. The written order granting the motion was not issued until January 29, 1985.

On January 9, 1985, oral argument was heard in the instant case in the Ingham Circuit Court. The issues included whether intervenors should be granted their motion to intervene in the instant matter and whether the Ingham Circuit Court's earlier order turning over the special deposit (bond) to the ancillary receiver should be rescinded.

On April 18, 1985, the Wayne Circuit Court stayed enforcement of the January 29, 1985, 36th District Court order compelling the treasurer to surrender the bond to intervenors.

On September 17, 1985, the Ingham Circuit Court granted intervenors' motion to intervene in the ancillary receivership, the instant case, but

held the intervenors were not entitled to satisfy their judgment from the special deposit (bond), the contrary decision of the 36th District Court notwithstanding. The Ingham Circuit Court appointed the insurance commissioner permanent ancillary receiver and directed her to take possession of all the assets of defendant, including the special deposit.

On April 22, 1987, the Wayne Circuit Court affirmed the default judgment against defendant. The court held in abeyance the treasurer's appeal from the order compelling surrender of the bond pending the decision of this Court in the instant case.

We subsequently granted intervenors' delayed leave to appeal from the Ingham Circuit Court's ruling denying intervenors' claim to fully satisfy their judgment from the special deposit.

Intervenors argue that the 36th District Court had jurisdiction over the subject matter and the parties and that the Ingham Circuit Court's action improperly deprived them of their interest in the property in collateral proceedings. We disagree.

The State of Michigan has enacted the Uniform Insurers Liquidation Act. MCL 500.7836 *et seq.;* MSA 24.17836 *et seq.* One section of the act exists to prevent a race to the courthouse upon an insurance company's becoming delinquent and falling into receivership:

> During the pendency of delinquency proceedings in this or any reciprocal state, no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. Any lien obtained by any such action or proceeding within 4 months prior to the commencement of any such delinquency proceeding or at any time thereafter shall

be void as against any rights arising in such delinquency proceeding. [MCL 500.7854; MSA 24.17854.]

The statute renders void any lien, attachment or garnishment obtained against a delinquent insurance company within four months prior to the commencement of any such delinquency proceeding. Although not as yet considered by an appellate court in this state, statutes with the same wording in New York and Oregon have been upheld and enforced by the federal courts. *Ace Grain Co, Inc v Rhode Island Ins Co,* 107 F Supp 80 (SD NY, 1952); *Ezell v Equity General Ins Co,* 219 F Supp 51 (D Or, 1962).

In *Ace Grain,* a judgment creditor obtained a default judgment against an insurance company for a debt owed to the creditor by the insured. The insurance company had been in receivership and the receiver moved to dismiss the litigation based on the Uniform Insurers Liquidation Act § 9, our MCL 500.7854; MSA 24.17854. The court dismissed the suit, stating that the "advantage which the judgment creditor now seeks to secure is the very thing the statute is intended to prevent." *Ace Grain,* p 83. We agree. Although plaintiffs will be deprived of a benefit which they thought they had secured, here too the advantage sought is the very thing the statute was intended to prevent.

In the instant case, the Ingham Circuit Court appointed a temporary ancillary receiver on December 6, 1984, and that is the date that the commencement of the delinquency proceedings began. Thus, "[a]ny lien obtained by any such action or proceeding within 4 months prior to" December 6, 1984, "shall be void." MCL 500.7854; MSA 24.17854. Four months prior to December 6, 1984, is August 6, 1984. Therefore, in order to be valid

the garnishment lien on the special deposit bond must have attached prior to August 6, 1984.

Michigan follows the general rule that a garnishment lien attaches upon service of the writ. *Mary v Lewis,* 399 Mich 401, 411; 249 NW2d 102 (1976). Upon service of the writ of garnishment "the lien attaches, becoming choate, and the identity of the lienor, the property subject to the lien, and amount of the lien are established." *Hodgins v Marquette Iron Mining Co,* 503 F Supp 88, 91 (WD Mich, 1980). See also *Earl Dubey & Sons, Inc v Macomb Contracting Corp,* 97 Mich App 553; 296 NW2d 582 (1980).

In this case the 36th District Court entered a judgment against Macombo's Lounge on August 10, 1984. A default judgment was obtained against defendant on October 5, 1984. The writ of garnishment was served on the state treasurer on November 8, 1984. The order compelling the state treasurer to produce the bond for sale was issued by the 36th District Court on December 17, 1984. It is obvious that the writ of garnishment and the order compelling the state treasurer to produce the bond are both subsequent to August 6, 1984, and are therefore void. Any other holding would be against the plain language of the statute.

"When a court is called on to decide an issue over which it has no subject-matter jurisdiction, the court's only recourse is to dismiss the case; any other action is void." *DAIIE v Maurizio,* 129 Mich App 166, 171-172; 341 NW2d 262 (1983). The proceedings may be questioned collaterally as well as directly. *Shane v Hackney,* 341 Mich 91; 67 NW2d 256 (1954). The Ingham Circuit Court correctly concluded that it was not bound by the January 29, 1985, order of the 36th District Court.

Intervenors also claim that since the liability of the principal defendant was affirmed in the initial

appeal to this Court, and the matter remanded only for trial as to the amount of their damages, their original lien, which predated the insolvency proceedings, should still be valid. Again, we disagree.

Intervenors' attempt to classify their damage claim upon remand as a contingent claim is incorrect. The amount of the debt owed by Macombo's was a matter of conjecture. The trial court's conclusion that the naked judgment of liability left intact by this Court constituted nothing more than an unliquidated tort claim was correct.

In Michigan unliquidated tort claims are not proper subjects of garnishment. *Rutter v King,* 57 Mich App 152, 169; 226 NW2d 79 (1974). As this Court has previously stated:

> Michigan is in accord with the majority of jurisdictions which hold that for a garnishment to be effective there must be an existing debt. Debts due in the future then refer to claims which are already fixed in amount or capable of being so fixed, and which do not depend for their validity or amount on anything to be done or earned in the future, or a continued liability which may be changed by events, *Walker v Paramount Engineering Co,* 353 F2d 445, 449 (CA 6, 1965). [*Chayka v Brown,* 92 Mich App 360, 367; 284 NW2d 530 (1979).]

Intervenors obtained default judgment against both Macombo's Lounge and defendant. In our unpublished opinion reversing as to the default judgments but not the defaults, and remanding for a trial on the issue of damages, we stated: "We conclude that the default judgment fixing damages at $150,108 was improperly entered, and that this matter must be remanded for trial on the issue of damages." *Wise v Macombo's Lounge,* unpublished

opinion per curiam of the Court of Appeals, released September 6, 1983 (Docket Nos. 63522, 65317).

Thus, until the trial on remand on the issue of damages had concluded, intervenors had only an unliquidated tort claim. With an unliquidated tort claim a garnishment could not be effective, because the debt was not fixed or capable of being fixed. The fact that the original default judgment was for $150,108, the Wayne Circuit Court subsequently mediated the debt at $10,000, and the 36th District Court rendered a verdict of $57,893.35, demonstrates how incapable this debt was of being fixed in 1982 before the trial on remand on damages.

Affirmed.