DEPARTMENT OF TRANSPORTATION v
AMERICAN MOTORISTS INSURANCE COMPANY

Docket No. 313978. Submitted May 9, 2014, at Detroit. Decided May 15, 2014, at 9:00 a.m.

The Department of Transportation and the Mackinac Bridge Authority (MBA) brought an action in the Mackinac Circuit Court against Allstate Painting and Contracting Company, Inc., and the underwriter of Allstate's performance bonds, American Motorists Insurance Company (AMICO), after the MBA determined that maintenance work Allstate had performed on the Mackinac Bridge was deficient. The trial court, William W. Carmody, J., entered an order of default against Allstate for failing to appear and scheduled a trial. AMICO moved to stay the proceedings after its parent company became the subject of a rehabilitation order entered by an Illinois state court, then moved to dismiss the case on the grounds of comity and forum non conveniens. The court denied the motion to dismiss, and AMICO applied for leave to appeal. While the application was pending, the Illinois state court entered a liquidation order against AMICO that included a parallel injunction prohibiting a party from bringing or maintaining any action against AMICO outside the liquidation proceedings. The Court of Appeals granted the application for leave to appeal.

The Court of Appeals *held*:

MCL 500.8156(1) provides that in a liquidation proceeding in a reciprocal state against an insurer domiciled in that state, claimants against the insurer who reside within this state may file claims either with the ancillary receiver, if any, in this state or with the domiciliary liquidator. Because AMICO was the subject of a liquidation proceeding in Illinois, which met the requirements for a reciprocal state set forth in MCL 500.8103(*l*), and because Michigan had no ancillary receiver, plaintiffs were limited to pursuing their claim with the Illinois liquidator, the Illinois director of insurance. Accordingly, it was unnecessary to decide whether the trial court abused its discretion by denying the motion to dismiss under the doctrine of forum non conveniens.

Remanded for dismissal without prejudice.

1. Insurance — Liquidation Proceedings — Reciprocal States — Illinois.

A Michigan claimant against an insurer domiciled in Illinois that is the subject of a liquidation order is limited to pursuing that claim against the Illinois director of insurance (MCL 500.8156(1)).

2. Insurance — Liquidation Proceedings — Reciprocal States — Illinois.

Illinois is a reciprocal state as defined in MCL 500.8103(*l*).

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Matthew Schneider*, Chief Legal Counsel, and *John P. Mack* and *Michael J. Dittenber*, Assistant Attorneys General, for the Department of Transportation and the Mackinac Bridge Authority.

*Kerr, Russell and Weber, PLC* (by *James R. Case* and *Joanne Geha Swanson*), for the American Motorists Insurance Company.

Before: Donofrio P.J., and K. F. Kelly and Fort Hood, JJ.

Per Curiam. Defendant American Motorists Insurance Company (AMICO) appeals by leave granted the trial court's order denying its motion for dismissal on the grounds of forum non conveniens. Because events transpiring during the pendency of this appeal prohibit further proceedings in this case, we remand to the trial court for dismissal.

## I. BASIC FACTS

In May 2002, defendant Allstate Painting and Contracting Company contracted with plaintiff Michigan Department of Transportation to perform specified maintenance work on the Mackinac Bridge. Also in May 2002, AMICO provided a performance bond for the maintenance work, including a two-year warranty period following completion of the maintenance work.

Allstate started the maintenance work in September 2002 and completed it in October 2003. In September 2005, employees of plaintiff Mackinac Bridge Authority inspected the work and determined that it was deficient. Neither defendant repaired the deficiencies, and plaintiffs ultimately sued defendants in Mackinac Circuit Court in November 2008. The trial court entered an order of default against Allstate after it failed to appear in the case.[1]

In December 2011, the trial court scheduled trial for September 2012. In July 2012, however, AMICO moved to stay the proceedings because its parent company, Lumbermens Mutual Casualty Company, was the subject of an order of rehabilitation entered by an Illinois state court. AMICO indicated that its counsel had been informed that a separate order of rehabilitation would be entered against AMICO within a relatively short time. The parties stipulated to stay the proceedings pending further developments in Illinois.

In August 2012, AMICO moved to dismiss the case on the grounds of comity[2] and forum non conveniens. AMICO stated that, as anticipated, the Illinois state court entered an order of rehabilitation on August 16, 2012, and it provided in relevant part as follows:

> The officers, directors, agents, servants, representatives and employees of [Lumbermens Mutual Casualty Company], and all other persons and entities having knowledge of this Order are restrained and enjoined from bringing or further prosecuting any claim, action or proceeding at law

---

[1] Allstate has been a defunct, inactive corporation throughout these proceedings.

[2] Although the dismissal of a case based on a finding that a foreign forum may be more favorable "is sometimes described as 'comity,' it is more essentially akin to a dismissal on the basis of the doctrine of forum non conveniens." *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 214; 813 NW2d 752 (2011).

or in equity or otherwise, whether in this State or else-
where, against [Lumbermens Mutual Casualty Company],
or [its] property or assets, or the Director or Rehabilitator,
except insofar as those claims, actions or proceedings arise
in or are brought in the rehabilitation proceedings prayed
for herein . . . .

The trial court denied the motion to dismiss in Decem-
ber 2012, explaining that the instant case had been
ongoing for several years whereas the order of rehabilita-
tion was a relatively recent development. The trial court
distinguished this case from *Hare v Starr Commonwealth
Corp*, 291 Mich App 206; 813 NW2d 752 (2011), in which
this Court ruled that a garnishment action against a New
York insurer should be dismissed on the grounds of forum
non conveniens, given that the New York insurer was
subject to an order of rehabilitation. AMICO promptly
filed an application for leave to appeal.

While the application for leave to appeal was pending
before this Court, the Illinois state court entered an
order of liquidation against AMICO. The liquidation
order included a parallel injunction prohibiting a party
from bringing or maintaining any action against
AMICO outside the liquidation proceedings:

The officers, directors, agents, servants, representatives
and employees of AMICO, and all other persons and
entities having knowledge of this Order are restrained and
enjoined from bringing or further prosecuting any claim,
action or proceeding at law or in equity or otherwise,
whether in this State or elsewhere, against AMICO, or [its]
property or assets, or the Director or Rehabilitator, except
insofar as those claims, actions or proceedings arise in or
are brought in these rehabilitation proceedings . . . .

## II. ANALYSIS

Generally, we review a trial court's decision to deny a
motion to dismiss on the basis of the doctrine of forum

non conveniens for an abuse of discretion. *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006); *Hare*, 291 Mich App at 215. A trial court abuses its discretion when its decision results in an outcome falling outside the range of principled outcomes. *Radeljak*, 475 Mich at 603. We review questions of law, however, de novo. *Meredith Corp v City of Flint*, 256 Mich App 703, 711; 671 NW2d 101 (2003).

" 'Forum non conveniens' is defined as the 'discretionary power of the court to decline jurisdiction when convenience of parties and ends of justice would be better served if action were brought and tried in another forum.' " *Id.* at 604, quoting *Black's Law Dictionary* (6th ed). The concept is a common-law doctrine that is not derived from statutes. *Radeljak*, 475 Mich at 604. However, we need not consider this doctrine because we hold that, pursuant to Michigan law, plaintiffs' claims are to be heard in Illinois, not Michigan, and dismissal is proper.

MCL 500.8156(1) provides, "In a liquidation proceeding in a reciprocal state against an insurer domiciled in that state, claimants against the insurer who reside within this state may file claims either with the ancillary receiver, if any, in this state or with the domiciliary liquidator." Because it is established that AMICO is the subject of a liquidation proceeding in Illinois, the salient issue is whether Illinois is a "reciprocal state."[3] If it is,

---

[3] Several states have enacted the terms of the Uniform Insurers Liquidation Act (UILA). See *Hawthorne Savings FSB v Reliance Ins Co of Ill*, 421 F3d 835, 852 (CA 9, 2005), amended in part on other grounds 433 F3d 1089 (CA 9, 2006). A state that has done so is referred to as a "reciprocal state." See *id.* at 853. Michigan had explicitly enacted the UILA at MCL 500.7836 *et seq.*, see *Attorney General v Ambassador Ins Co*, 166 Mich App 687, 694; 421 NW2d 271 (1988), but it was repealed by 1989 PA 302, which simultaneously implemented MCL 500.8101 *et seq.*

then plaintiffs are limited to pursuing their claim with the Illinois liquidator or an ancillary receiver, if one exists in Michigan. And because there is no ancillary receiver in Michigan, plaintiffs would thus be limited to pursuing their claim with the Illinois liquidator. For the reasons provided herein, we conclude that Illinois is a reciprocal state, which requires that the pending case in Michigan be dismissed.

MCL 500.8103($l$) provides the definition of what constitutes a "reciprocal state" and reads as follows:

> "Reciprocal state" means a state other than this state in which all of the following occurs:
>
> ($i$) In substance and effect [MCL 500.8118(1), 8152, 8153, 8155, 8156, and 8157] are in force.
>
> ($ii$) Provisions requiring that the commissioner or equivalent official be the receiver of a delinquent insurer are in force.
>
> ($iii$) Some provision for the avoidance of fraudulent conveyances and preferential transfers are in force.

With respect to the first list of requirements under MCL 500.8103($l$)($i$), MCL 500.8118(1) provides that when a domestic insurer is liquidated, the Commissioner of Insurance becomes the liquidator and is vested with title to the domestic insurer's assets, property, contracts, and rights of action. This provision is substantively matched by the Illinois statute 215 ILCS 5/191.[4] Next, MCL 500.8152 provides that the liquidator of an insurer domiciled in a reciprocal state is vested with title to the insurer's assets, property, contracts, and rights of action, which is substantively matched by

---

[4] 215 ILCS 5/191 provides that "[t]he Director and his successor and successors in office shall be vested by operation of law with the title to all property, contracts, and rights of action of the company as of the date of the order directing rehabilitation or liquidation."

215 ILCS 5/221.2.[5] Next, MCL 500.8155 provides that claims against a domestic insurer may be filed with the liquidator or the ancillary receiver, if one exists, which is substantively matched by 215 ILCS 5/221.3.[6] Next, MCL 500.8156 provides that claims against an insurer domiciled in a reciprocal state may be filed with the domiciliary liquidator or the ancillary receiver, if one exists; this provision is substantively matched by 215 ILCS 5/221.4.[7] And finally, MCL 500.8157 provides that an attachment, garnishment, levy of execution, or other related proceeding may not be commenced or maintained against the domestic insurer during liquidation proceedings, and that is substantively matched by 215 ILCS 5/189 and 215 ILCS 5/221.9,[8] taken together.

With respect to the second requirement of MCL 500.8103(*l*)(*ii*), 215 ILCS 5/191 provides that the director of insurance is the receiver of a domiciliary insurer.

---

[5] 215 ILCS 5/221.2 provides that "[t]he domiciliary receiver of an insurer domiciled in a reciprocal state shall . . . be vested by operation of law with the title to all of the assets, property, contracts, agents' balances, and all of the books, accounts and other records . . . ."

[6] 215 ILCS 5/221.3 provides that "[i]n any delinquency proceeding begun in this state against a domiciliary insurer of this state, claimants residing in a reciprocal ancillary state may file claims either with the ancillary receiver, if any, or with the domiciliary receiver."

[7] 215 ILCS 5/221.4 provides that "[i]f a delinquency proceeding is commenced in a reciprocal state . . . claimants against such insurer who reside within this State may file claims either with the ancillary receiver, if any, appointed in this State or with the domiciliary receiver."

[8] 215 ILCS 5/189 provides that the court may "restrain all persons, companies, and entities from bringing or further prosecuting all actions and proceedings at law or in equity or otherwise, whether in this State or elsewhere, against the company or its assets or property or the Director . . . ." And 215 ILCS 5/221.9 provides that "[i]n the event of the commencement of delinquency proceedings in any reciprocal state no action or proceeding in the nature of an attachment, garnishment, execution or otherwise, shall be commenced in the courts of this state against such delinquent insurer or its assets."

And with respect to the last requirement of MCL 500.8103(*l*)(*iii*), 215 ILCS 5/204 prohibits and renders voidable fraudulent conveyances and preferential transfers.

Accordingly, the requirements of MCL 500.8103(*l*) are met, and Illinois is a reciprocal state. As a result, MCL 500.8156(1) requires plaintiffs to file their claims with either the ancillary receiver in Michigan, if one exists, or with the Illinois liquidator. And because there is no ancillary receiver in Michigan, plaintiffs must file their claim with the Illinois liquidator, i.e., the Illinois director of insurance.

We note that when the trial court made its reasoned decision in December 2012 to deny defendant's motion to dismiss without prejudice, there was no order to liquidate before it; the only order was an order of rehabilitation. It is clear that, given the Illinois liquidation proceedings, dismissal is now required under MCL 500.8156(1). Accordingly, we remand this case to the trial court with instructions to dismiss. Having resolved the appeal on this basis, we need not address whether the trial court erred by declining to dismiss this case under the principles of comity or forum non conveniens.

Remanded for dismissal without prejudice. We do not retain jurisdiction.

DONOFRIO, P.J., and K. F. KELLY and FORT HOOD, JJ., concurred.