PER CURIAM.
We granted leave to appeal to consider whether the Wayne Circuit Court abused its discretion in dismissing this case on the basis of the doctrine of forum non conveniens, where plaintiffs are residents and citizens of a foreign country and the lawsuit alleges product liability arising from a motor vehicle accident that occurred outside the United States. The Court of Appeals held that the circuit court abused its discretion in dismissing the case because Wayne County is not a “seriously inconvenient” forum. Because we conclude that the circuit court did not abuse its discretion in dismissing the case, we reverse the judgment of the Court of Appeals and reinstate the circuit court’s order dismissing the case.
I. FACTS
Plaintiffs, who are residents and citizens of Croatia, were involved in a motor vehicle accident in Croatia. It is alleged that the Jeep Grand Cherokee in which they were seated somehow shifted from park into reverse *603 and went off the roadway and into a ravine. One of the passengers died and the driver and other passengers were injured. The vehicle was designed and manufactured in Michigan. The vehicle was purchased in Italy and maintained and serviced in Italy and Croatia. Plaintiffs argue that the transmission, designed and manufactured in Japan, spontaneously slipped. Plaintiffs filed their lawsuit in the Wayne Circuit Court.
Defendant moved for summary disposition on the basis of forum non conveniens. The circuit court granted the motion. Plaintiffs appealed and the Court of Appeals reversed.[1]
[2]We granted defendant’s application for leave to appeal and asked the parties to address:
(1) whether the public interest factors of the forum non conveniens doctrine set forth in Cray v Gen Motors Corp, 389 Mich 382, 396 [207 NW2d 393] (1973), should be revised or modified; and (2) whether, even if another more appropriate forum exists, a Michigan court may not resist jurisdiction unless its own forum is “seriously inconvenient.” See Robey v Ford Motor Co, 155 Mich App 643, 645 (1986).[2]
II. STANDARD OF REVIEW
This Court reviews a trial court’s decision to grant or deny a motion to dismiss a case on the basis of the doctrine of forum non conveniens for an abuse of discretion. Cray, supra at 397. An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes. Herald Co v Eastern Michigan Univ Bd of Regents, 475 Mich 463; 719 NW2d 19 (2006); Novi v Robert Adell Children’s *604 Funded Trust, 473 Mich 242, 254; 701 NW2d 144 (2005).
III. ANALYSIS
"Forum non conveniens” is defined as the “discretionary power of court to decline jurisdiction when convenience of parties and ends of justice would be better served if action were brought and tried in another forum.” Black’s Law Dictionary (6th ed). The doctrine is not derived from statutes; rather, it is a common-law doctrine created by courts.[3] The United States Supreme Court adopted the forum non conveniens doctrine in 1947. Gulf Oil Corp v Gilbert, 330 US 501, 508-509; 67 S Ct 839; 91 L Ed 1055 (1947).[4] This Court first recognized this doctrine in 1973 in Cray. In Cray, supra at 395, we held that a court may refuse to hear a case on the basis of the doctrine of forum non conveniens even though it otherwise may have jurisdiction. “The principle of forum non conveniens establishes the right of a court to resist imposition upon its jurisdiction although such jurisdiction could properly be invoked.” Id. The application of forum non conveniens “lie[s] within the discretion of the trial judge.” Id. A plaintiffs selection of a forum is ordinarily accorded deference. Anderson v Great Lakes Dredge & Dock Co, *605 411 Mich 619, 628-629; 309 NW2d 539 (1981). Although “a court can and must consider the residence of the parties in deciding whether to decline jurisdiction[,] . . . a party’s Michigan residence does not automatically render the doctrine of forum non conveniens inapplicable.” Russell v Chrysler Corp, 443 Mich 617, 624; 505 NW2d 263 (1993).[5] “ ‘[T]he ultimate inquiry is where trial will best serve the convenience of the parties [and the ends] of justice.’ ” Cray, supra at 391, quoting Koster v (American) Lumbermens Mut Cas Co, 330 US 518, 527; 67 S Ct 828; 91 L Ed 1067 (1947). In Cray we held that the following factors should be considered in deciding a motion to dismiss on the basis of forum non conveniens:
1. The private interest of the litigant.
a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;
b. Ease of access to sources of proof;
c. Distance from the situs of the accident or incident which gave rise to the litigation;
d. Enforcibility [sic] of any judgment obtained;
e. Possible harassment of either party;
f. Other practical problems which contribute to the ease, expense and expedition of the trial;
g. Possibility of viewing the premises.
2. Matters of public interest.
a. Administrative difficulties which may arise in an area which may not be present in the area of origin;
*606 b. Consideration of the state law which must govern the case;
c. People who are concerned by the proceeding.
3. Reasonable promptness in raising the plea of forum non conveniens. [Cray, supra at 396.]
In the instant case, the trial court dismissed on the basis of forum non conveniens. The trial court determined that Croatia was a more convenient forum because this case involves a vehicular accident in Croatia in which Croatian citizens and residents were injured, where Croatian law will likely have to be applied, and the alleged cause of the accident was a transmission manufactured and designed in Japan. This conclusion does not fall outside “the principled range of outcomes,” Novi, supra at 254, and was therefore not an abuse of discretion.
A review of the Cray factors reveals why the trial court’s decision to dismiss was within “the principled range of outcomes.” Id. We begin by noting that the requirement of reasonable promptness in bringing a plea of forum non conveniens has indisputably been satisfied in this case, because defendant moved for dismissal based on the doctrine of forum non conveniens in a timely manner. With that procedural predicate addressed, we now turn to the private and public interest factors that are in considerable dispute.
The first factor concerns the “private interest of the litigant.” Cray, supra at 396. Subfactor 1(a) pertains to the “[a]vailability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses.” Id. It is undisputed that Michigan courts lack powers of compulsory process over witnesses in Croatia.[6] If trial were held in Michigan, *607 defendant would be forced to use “letters rogatory” in order to obtain testimony from any foreign witnesses who could not voluntarily travel to Michigan for trial.* **[7] The use of letters rogatory is acknowledged to be a very time consuming and cumbersome process.[8] However, this subfactor cuts the other way as well because it is also undisputed that Croatian courts lack powers of compulsory process over witnesses in Michigan. Further, even if all the witnesses are willing to travel in order to testify, the cost of obtaining the attendance of these witnesses will be high regardless of whether this case is tried in Croatia or in Michigan; obviously, if this case is tried in Croatia, all the Michigan witnesses will have to travel to Croatia to testify and if this case is tried in Michigan, all the Croatian witnesses will have to travel to Michigan to testify. Therefore, subfactor 1(a) does not clearly favor one forum over the other where the difficulties implicit in the travel arrangements would be identical. Subfactor 1(b) concerns the “[e]ase of access to sources of proof.” Cray, supra at 396. The trial court concluded that, because the accident occurred in Croatia, a Croatian court will have easier access to sources of proof and it will be easier for defendant to obtain documents relating to the accident in Croatia. Although all the documentary evidence pertaining to the choice of transmission for the vehicle is in Michigan, it would be easier for plaintiffs to obtain *608 these Michigan documents if the trial were held in Croatia than it would be for defendant to obtain the Croatian documents if trial were held in Michigan because MCR 2.305 authorizes subpoenas for document production in connection with an action pending in another country and we are aware of no similar Croatian provision, nor have plaintiffs cited any. Therefore, subfactor 1(b) favors the Croatian forum over the Michigan forum.
Subfactor 1(c) concerns the “[distance from the situs of the accident or incident which gave rise to the litigation.” Cray, supra at 396. Michigan is a great distance from the situs of the accident, i.e., Croatia. However, plaintiffs argue that this is not controlling because the specific incident that gave rise to this litigation was defendant’s choice of transmission, which occurred in Michigan. This subfactor does not favor one forum over the other.
Subfactor 1(d) concerns the “[ejnforcibility [sic] of any judgment obtained.” Cray, supra at 396. It is uncontested that a judgment in this case would be enforceable whether rendered by a Michigan court or a Croatian court. Therefore, subfactor 1(d) does not favor one forum over the other.
Subfactor 1(e) concerns the “[p]ossible harassment of either party.” Id. Neither party has argued harassment. Therefore, subfactor 1(e) does not favor one forum over the other.[9]
*609 Subfactor 1(f) concerns “[o]ther practical problems which contribute to the ease, expense and expedition of the trial.” Id. If this case is tried in Michigan, defendant will not be able to implead Croatian persons or entities that may be responsible for plaintiffs’ injuries. As the United States Supreme Court has held, “the problems posed by the inability to implead potential third-party defendants” is “sufficient to support dismissal on grounds of forum non conveniens.” Piper Aircraft Co v Reyno, 454 US 235, 259; 102 S Ct 252; 70 L Ed 2d 419 (1981). Therefore, subfactor 1(f) favors the Croatian forum over the Michigan forum.
Subfactor 1(g) concerns the “[possibility of viewing the premises.” Cray, supra at 396. If this case is tried in Michigan, it will not be possible for the trier of fact to view the scene of the accident because the accident occurred in Croatia. Therefore, subfactor 1(g) favors the Croatian forum over the Michigan forum.
In sum, three of the “private interest” subfactors favor the Croatian forum over the Michigan forum, and four of these subfactors do not favor one forum over the other. None of the “private interest” subfactors favors the Michigan forum over the Croatian forum. Therefore, “[t]he private interest^] of the litigant,” Cray, supra at 396, favor the Croatian forum over the Michigan forum.
*610 The second broad Cray factor pertains to “[m]atters of public interest.” Id. Subfactor 2(a) concerns “[a]dministrative difficulties which may arise in an area which may not be present in the area of origin.” Id. As the United States Supreme Court has explained, “[ajdministrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.” Gilbert, supra at 508. If every automotive design defect case against Michigan-based automobile manufacturers must be heard in Wayne County if a foreign plaintiff so desires, there will certainly be increased congestion in an already congested local court system. It can hardly be argued that Croatia would face increased court congestion. Unlike Michigan, Croatia is not a recognized center for automotive design, engineering, and manufacturing, or to our knowledge, a center for litigation concerning automotive design defects. Therefore, subfactor 2(a) generally favors the Croatian forum over the Michigan forum.
Subfactor 2(b) concerns “ [consideration of the state law which must govern the case.” Cray, supra at 396. If this case is tried in Wayne County, the Wayne Circuit Court will most likely have to apply Croatian law. In order to determine whose laws apply, courts look to see which jurisdiction has a greater interest in the case. Sutherland v Kennington Truck Service, Ltd, 454 Mich 274, 286; 562 NW2d 466 (1997). Croatia appears to have a greater interest in this case than does Michigan because it involves residents and citizens of Croatia who were injured in an accident in Croatia. Therefore, Croatian law would most likely apply in this case. See Farrell v Ford Motor Co, 199 Mich App 81; 501 NW2d 567 (1993) (holding that North Carolina law applies in a defective automobile action involving a North Carolina resident, a North Carolina accident, and a vehicle purchased in North Carolina). As the United States Supreme Court has explained, “[tjhere is an appropri *611 ateness ... in having the trial... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.” Gilbert, supra at 509. Accordingly, “the need to apply foreign law favors dismissal.” Piper, supra at 260 n 29. Therefore, subfactor 2(b) favors the Croatian forum over the Michigan forum.
Subfactor 2(c) concerns “[p]eople who are concerned by the proceeding.” Cray, supra at 396. The people of Croatia obviously are concerned by this proceeding given that several Croatian citizens and residents were injured and one was killed in an accident that occurred in that country. As the United States Supreme Court has explained, “[t]here is a local interest in having localized controversies decided at home.” Gilbert, supra at 509. The “localized controversy” involved in this case concerns whether defendant is liable for injuries suffered by Croatian citizens and residents in Croatia. Croatia obviously has a considerable “local interest” in determining the redress available to its citizens and residents who are injured in Croatia. That is, Croatia has a “local interest” in having this “localized controversy” decided by its own rules and procedures. On the other hand, there is no denying that Michigan citizens have an interest in products-liability lawsuits filed against Michigan manufacturers. On the whole, however, for the reasons we discussed concerning subfactor 2(b), we conclude that Croatia’s interest is greater than Michigan’s interest. Therefore, subfactor 2(c) favors a Croatian forum.
In sum, the three Cray “public interest” subfactors favor the Croatian forum over the Michigan forum. None of them favors a Michigan forum. Thus, the “[m]atters of public interest,” Cray, supra at 396, favor *612 the Croation forum over the Michigan forum. Therefore, an analysis of both the “private interest” and “public interest” factors of Cray demonstrates that the trial court’s decision that Croatia is the most appropriate forum for this case was within the principled range of outcomes.
In Cray, this Court held that the factors listed in its 1973 opinion were not the only factors that could ever be considered. Id. at 395. As we explained, “ ‘[w]isely it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy’ rather, “ ‘[t]he doctrine leaves much to the discretion of the court to which the plaintiff resorts ....’” Cray, supra at 395, quoting Gilbert, supra at 508. In response to our invitation to brief whether the Cray public interest factors should be revised or modified, defendant argues that we should explicitly follow the United States Supreme Court’s lead from Piper, supra at 257, in stating that a foreign plaintiffs choice of forum in entitled to “less deference” than would apply to a domestic plaintiff.
In Piper the United States Supreme Court expressed its concern regarding allowing foreign plaintiffs to sue American businesses and manufacturers in America on the basis that American law is more favorable to plaintiffs as a class than is foreign law. Piper, supra at 252. The Court explained, “American courts, which are already extremely attractive to foreign plaintiffs, would become even more attractive [if dismissal was barred whenever the law in the alternative forum were less favorable to the plaintiff].[10] The flow of litigation into the United States would increase and further congest *613 already crowded courts.” Id. As the United States Supreme Court has held, “dismissal may be warranted where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to . .. take advantage of favorable law.” Piper, supra at 249 n 15.
In Piper, supra at 256, the United States Supreme Court held that in contrast to the presumption in favor of a domestic plaintiffs forum choice, “a foreign plaintiffs choice [of forum] deserves less deference.” Id. at 256. This makes sense because, as the United States Supreme Court explained, when a plaintiff chooses to bring a lawsuit in another country thousands of miles away from home and where the underlying accident occurred, there is no basis to presume that this faraway *614 forum will be more convenient to the parties and to the court, and, thus, there is no basis to defer to the plaintiffs choice in forum. Id. Thus, we modify our statement in Anderson, supra, that a plaintiffs selection of a forum is ordinarily accorded deference to indicate that a foreign plaintiffs choice of forum is entitled to less deference than that accorded to a domestic plaintiffs choice of forum.
In the instant case, plaintiffs are residents and citizens of Croatia who were injured in an accident in Croatia and plaintiffs have chosen to file their lawsuit in Michigan. Given that plaintiffs live in Croatia and that the underlying accident occurred in Croatia, there is no basis to presume that plaintiffs chose to file this lawsuit in Michigan out of convenience. Further, while there is no direct evidence that the primary reason why plaintiffs chose to file this lawsuit in Michigan was to take advantage of Michigan’s favorable laws and to avoid Croatia’s less favorable laws, no other reasonable explanation has been presented. It is important to consider the foreign jurisdiction’s interest in the case and the effect that a Michigan court’s resolution of the case will have in that jurisdiction. In this case, a Michigan court is being asked to apply Croatian law to Croatian plaintiffs in a lawsuit pertaining to an accident that occurred in Croatia. Certainly, a Croatian court would be better equipped at handling a matter of this sort than a Michigan court. We find it appropriate, in light of the continuing globalization of our economy, to follow Piper and indicate that a foreign plaintiffs choice of venue is entitled to less deference than a domestic plaintiffs choice of venue.
Although a majority of the Cray private and public interest factors supports the trial court’s decision that Croatia is the more appropriate forum to hear this case, *615 the Court of Appeals held that the trial court abused its discretion in so concluding. More specifically, the Court of Appeals held that the trial court abused its discretion in dismissing this action on the basis of the forum non conveniens doctrine because Michigan is not a “seriously inconvenient” forum, relying upon Robey v Ford Motor Co, 155 Mich App 643, 645; 400 NW2d 610 (1986).
In Robey, supra at 645, the Court of Appeals held that “the court... may not decline jurisdiction unless its own forum is seriously inconvenient.” The Court of Appeals in the instant case relied heavily on Robey’s “seriously inconvenient” requirement, stating:
[T]he trial court did not make a finding that Wayne County was a seriously inconvenient forum. Even if another more appropriate forum exists, the court still may not resist jurisdiction unless its own forum is seriously inconvenient.... Without a determination that Wayne County is a seriously inconvenient forum, the trial court could not resist jurisdiction. It therefore abused its discretion in granting the dismissal. [Slip op at 2-3.]
The “seriously inconvenient” language appears traceable to the Restatement Conflict of Laws, 2d, which was cited in footnote 2 of the Cray decision. 389 Mich 394 n 2. While this language from the Restatement was cited in a footnote of Cray, this “seriously inconvenient” language was not part of the test adopted in Cray and in subsequent forum non conveniens decisions from this Court we did not cite or utilize a “seriously inconvenient” test. See, e.g., Anderson v Great Lakes Dredge & Dock Co, supra, and Russell v Chrysler Corp, supra. Indeed, imposing a “seriously inconvenient” requirement is inconsistent with this Court’s holding, in Cray, supra at 396, that it is “within the discretion of the trial judge to decline jurisdiction in *616 such cases as the convenience of the parties and the ends of justice dictate.” Therefore, we reject the “seriously inconvenient” standard and overrule Robey, supra, to the extent that it held that a court cannot decline jurisdiction unless the exercise of such jurisdiction would be “seriously inconvenient.”
Because there is no requirement that a trial court can only dismiss a case on the basis of the forum non conveniens doctrine if the forum is “seriously inconvenient,” the Court of Appeals erred in concluding that the trial court abused its discretion in dismissing this case on the basis of the forum non conveniens doctrine without concluding that the forum is “seriously inconvenient.”
Finally, we note the similarities this case has with Piper, supra. In Piper, the plaintiffs were residents of Scotland who were involved in an airplane crash in Scotland. The plaintiffs sued a company that manufactured the airplane in Pennsylvania and a company that manufactured the airplane’s propellers in Ohio. The suit was brought in the United States District Court for the Central District of California, but was transferred to the United States District Court for the Central District of Pennsylvania.[11] The federal district court dismissed the suit on the basis of the forum non conveniens doctrine and the United States Court of Appeals for the Third Circuit reversed. The United States Supreme Court reversed, concluding that the district court did not abuse its discretion in concluding that Scotland was the appropriate forum. Just as the district court in Piper, supra, did not abuse its discre *617 tion in dismissing the action involving Scottish residents and a Scottish accident on the basis of the forum non conveniens doctrine, the trial court in this case did not abuse its discretion in dismissing this action involving Croatian residents and a Croatian accident on the basis of the forum non conveniens doctrine. “The burden on our courts and upon the defendant’s ability to prepare a defense greatly outweighs the remote interest the plaintiff has shown in behalf of conducting this trial in Michigan.” Anderson, supra at 631.
IV RESPONSE TO THE DISSENT
The dissent pays lip service to the abuse of discretion standard, but does not apply it. There are ten subfactors to be considered in evaluating a motion to dismiss on the basis of forum non conveniens. According to the dissent, five of the seven private factors are a draw, i.e., do not favor one forum over the other, and one favors Croatia as a forum and one favors Michigan. (But, as noted in footnote 9, the one that Justice KELLY says favors Michigan is a conclusion that even plaintiffs do not claim.) With reference to the public interest factors, the dissent finds that two are a draw and one favors Michigan. Given that a foreign plaintiffs choice of forum deserves less deference, even using Justice Kelly’s analysis of the Cray factors, one would be hard-pressed to conclude that a trial court’s conclusion, whichever way it would have gone, was not within the principled range of outcomes.
Justice KELLY asserts that the trial court abused its discretion, citing language from Gulf Oil Corp, supra, to the effect that unless the balance is strongly in favor of the defendant the plaintiffs choice of forum should *618 rarely be disturbed. 330 US 508.[12] But, “ ‘the ultimate inquiry is where trial will best serve the convenience of the parties and the end of justice.’ ” Cray, supra at 391 (citation omitted). The trial court’s conclusion that a Croatian forum will best serve the convenience of the parties and the end of justice was not an abuse of discretion.
V CONCLUSION
Because we conclude that the Wayne Circuit Court did not abuse its discretion in dismissing this case on the basis of the forum non conveniens doctrine, we reverse the judgment of the Court of Appeals and reinstate the circuit court’s order dismissing the case. We also take this opportunity to hold that a trial court should afford a foreign plaintiffs choice of forum less deference than it would accord a domestic plaintiff.
Taylor, C.J., and Weaver, Corrigan, Young, and Markman, JJ, concurred.

 Unpublished opinion per curiam, issued December 14, 2004 (Docket No. 247781).

 472 Mich 924, 925 (2005).

 Const 1963, art 3, § 7 provides:
The common law and the statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are changed, amended or repealed.
As noted in Placek v Sterling Hts, 405 Mich 638, 656-657; 275 NW2d 511 (1979), this Court may change the common law through its decisions.

 Superseded by statute on other grounds, as explained in American Dredging Co v Miller, 510 US 443, 449 n 2; 114 S Ct 981; 127 L Ed 2d 285 (1994).

 “[The place] of corporate domicile... might be entitled to little consideration under the doctrine of forum, non conveniens, which resists formalization and looks to the realities that make for doing justice.” Koster v (American) Lumbermens Mut Cas Co, 330 US 518, 528; 67 S Ct 828; 91 L Ed 1067 (1947).

 As the United States Supreme Court has explained, “[T]o fix the place of trial at a point where litigants cannot compel personal attendance [of *607 witnesses] and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants.” Gulf Oil Corp, supra at 511.

 See the United States Department of State website at <http://travel.state.gov/law/info/judicial/judicial_695.html> (accessed April 26, 2006).

 Illusorio v Illusorio-Bildner, 103 F Supp 2d 672, 677 (SD NY, 2000); United States Department of State website at <http:// travel.state.gov/law/info/judicial/judicial683.html> (accessed April 26, 2006).

 Justice Kelly argues in her dissent that the harassment factor favors Michigan as a forum. We disagree. Indeed, even after the Court of Appeals concluded that this factor favored Michigan as a forum, plaintiffs state as follows in their brief: “There is no cause for accusation of ‘harassment of either party’ herein.” (Plaintiffs brief, p 15). Thus, with reference to this factor, Justice Kelly is advancing an argument the plaintiffs do not even make.
*609 Justice Kelly maintains, on the basis of statements by foreign witnesses that they are willing to travel to Michigan to testify, that defendants would have less trouble bringing reluctant Croatian witnesses to testify in Michigan than plaintiffs would have in bringing reluctant defense witnesses to Croatia. This belief, however, is merely speculative and without force. In weighing this factor, a trial court could not rely on the purported intention of foreign witnesses because, as Justice Kelly concedes, a trial court in Michigan cannot compel foreign witnesses to appear. Therefore, Justice Kelly is incorrect that this subfactor favors Wayne County as the proper forum.

 The United States Supreme Court explained that the following factors make the United States “extremely attractive to foreign plaintiffs”:
*613 First, all but 6 of the 50 American States — Delaware, Massachusetts, Michigan, North Carolina, Virginia, and Wyoming — offer strict liability. 1 CCH Prod. Liability Rep. § 4016 (1981). Rules roughly equivalent to American strict liability are effective in France, Belgium, and Luxembourg. West Germany and Japan have a strict liability statute for pharmaceuticals. However, strict liability remains primarily an American innovation. Second, the tort plaintiff may choose, at least potentially, from among 50 jurisdictions if he decides to file suit in the United States. Each of these jurisdictions applies its own set of malleable choice-of-law rules. Third, jury trials are almost always available in the United States, while they are never provided in civil law jurisdictions. G. Gloss, Comparative Law 12 (1979); J. Merryman, The Civil Law Tradition 121 (1969). Even in the United Kingdom, most civil actions are not tried before a jury. 1 G. Keeton, The United Kingdom: The Development of its Laws and Constitutions 309 (1955). Fourth, unlike most foreign jurisdictions, American courts allow contingent attorney’s fees, and do not tax losing parties with their opponents’ attorney’s fees. R. Schlesinger, Comparative Law: Cases, Text, Materials 275-277 (3d ed. 1970); Orban, Product Liability: A Comparative Legal Restatement — Foreign National Law and the EEC Directive, 8 Ga. J. Int’l & Comp. L. 342, 393 (1978). Fifth, discovery is more extensive in American than in foreign courts. Schlesinger, supra, at 307, 310, and n. 33. [Piper, supra at 252 n 18.]

 The action, which was originally filed in Cahfornia, was transferred to Pennsylvania because one of the defendants was not subject to personal jurisdiction in Cahfornia, but was subject to personal jurisdiction in Pennsylvania.

 As previously explained, the United States Supreme Court no longer follows this rule with reference to foreign plaintiffs because it is inconsistent with Piper Aircraft. Justice Kelly, however, does not agree with, nor would she follow Piper Aircraft. Unlike Justice Kelly, we find the animating reasons undergirding Piper Aircraft persuasive and certainly not xenophobic.