# STATE OF MICHIGAN

# COURT OF APPEALS

---

BETH ANN SMITH, Individually and as Personal
Representative of the Estate of STEPHEN
CHARLES SMITH and the Estate of IAN
CHARLES SMITH, and GOODMAN
KALAHAR, P.C.,

      Plaintiffs-Appellees,

v

BABBITT, JOHNSON, OSBORNE & LE
CLAINCHE, P.A.,

      Defendant-Appellant

and

AUTO-OWNERS INSURANCE COMPANY,

      Defendant.

UNPUBLISHED
May 14, 2015

No.  318326
Wayne Circuit Court
LC No.  13-010880-CK

---

Before:  BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

JANSEN, J. (*concurring in part and dissenting in part*).

I concur with the majority's determination that the circuit court lacked general personal jurisdiction over defendant Babbitt, Johnson, Osborne & Le Clainche, P.A. (defendant).  See MCL 600.711; *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 166-167; 677 NW2d 874 (2003).  I also concur with the majority's determination that defendant's purposeful connection to the forum was minimally sufficient to confer limited personal jurisdiction in this particular case.  See MCL 600.715; *Electrolines*, 260 Mich App at 167; see also *Burger King Corp v Rudzewicz*, 471 US 462, 481-482; 105 S Ct 2174; 85 L Ed 2d 528 (1985).

Nevertheless, I conclude that the circuit court should have declined to exercise jurisdiction for reasons similar to those underlying the doctrine of forum non conveniens, which may be raised sua sponte by the court.  *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 223; 813 NW2d 752 (2011).  " 'Forum non conveniens' is defined as the 'discretionary power of [the] court to decline jurisdiction when convenience of parties and ends of justice would be better served if action were brought and tried in another forum.' "  *Radeljak v DaimlerChrysler*

-1-

*Corp*, 475 Mich 598, 604; 719 NW2d 40 (2006), quoting Black's Law Dictionary (6th ed). "It is a common-law doctrine that allows a court to decline to hear a case even though the court otherwise has jurisdiction." *Hare*, 291 Mich App at 223.

Similar to dismissing an action under the doctrine of forum non conveniens, Michigan courts may decline to exercise jurisdiction and defer to a sister-state tribunal as a matter of judicial comity. *Id.* at 222-223. Such an action by the court focuses more on the appropriateness of the forum than the mere convenience of the parties. *Radeljak*, 475 Mich at 625-626 (MARKMAN, J., concurring). In deciding whether to decline jurisdiction on this ground, the court should consider which state has a greater interest in the controversy and which tribunal has a superior knowledge of the operative facts of the case. See *id.* at 627-633; see also *Hare*, 291 Mich App at 224.

The automobile accident that gave rise to the present case occurred in Florida, plaintiff Beth Ann Smith (Smith) was a resident of Florida at the time of the automobile accident, the underlying matter was litigated in the Florida courts, and defendant is a law firm incorporated in Florida. Moreover, plaintiff Goodman Kalahar, P.C. (Goodman) obviously conducted business in Florida when it represented Smith in the underlying litigation. The Florida courts had a superior understanding of the issues involved in the case, the work done by each law firm, the nature of the settlement, and the details of the fee-sharing agreement.

I acknowledge that the fee-sharing agreement stated that it was to be interpreted according to Michigan law. However, the agreement did not contain a forum-selection clause and it is axiomatic that state courts have both the knowledge and authority to apply sister-state law. Indeed, state courts regularly apply the law of sister states, and nothing would have prevented the Florida courts from applying Michigan law in this instance.

In my opinion, plaintiffs' resort to the Wayne Circuit Court—given that all previous litigation had taken place in Florida and the Florida courts possessed a superior knowledge of the operative facts of the case—amounted to little more than forum shopping. I recognize that Smith moved to Michigan in 2006 and that Goodman is based in Michigan. But other than these two facts, there is a minimal nexus between the litigation and this state. *Anderson v Great Lakes Dredge & Dock Co*, 411 Mich 619, 629-630; 309 NW2d 539 (1981). Therefore, I cannot conclude that the circuit court was required to defer to plaintiffs' choice of forum. See *id*.

I conclude that the circuit erred by exercising jurisdiction in this matter rather than abstaining in favor of the more appropriate, sister-state forum. See *Hare*, 291 Mich App at 214. I would reverse and remand for entry of an order dismissing the action for these reasons.

/s/ Kathleen Jansen