# STATE OF MICHIGAN

# COURT OF APPEALS

ADRIENNE GRANT,

       Plaintiff-Appellant,

v

MICHAEL GRANT, AFXISI USA, and INK
MARKETING,

       Defendants,

and

ARMAND GRANT,

       Defendant-Appellee.

UNPUBLISHED
July 23, 2015

No. 320665
Oakland Circuit Court
LC No. 2013-137227-CZ

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order that granted summary disposition to defendant Armand Grant pursuant to MCR 2.116(C)(1). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Adrienne Grant was married to Michael Grant, the son of eighty-year-old defendant Armand Grant, from 1994 to 2012. Though Adrienne and Michael originally lived in California, where Armand resides, they moved to Michigan in the mid 2000s. Because neither Adrienne nor Michael were employed or had significant financial resources, Armand purchased them a home in Oakland County, and gave Michael cash gifts throughout their marriage. Armand also provided partial funding for Adrienne and Michael's failed business ventures, Afxisi USA, LLC (Afxisi), and Ink Marketing, LLC. These entities were Michigan corporations,

-1-

and Adrienne and Michael were the representative agents of the companies.[1] Armand did not have an interest in either organization.

In May 2013, Adrienne and Michael divorced. Adrienne claims, without offering any proofs or record of the divorce proceedings, that the judgment of divorce entitled her to "equity in the marital home, spousal and child support, and receivables due." The total amount of money supposedly owed to Adrienne under this judgment is unspecified.

Michael died sometime after the divorce, and Adrienne shifted the focus of her legal claims to her former father-in-law, Armand. She brought the instant lawsuit against Armand in 2013 in the Oakland Circuit Court, and claimed that Armand functioned as Michael's "alter ego," because Michael purportedly hid his assets with Armand and the two corporations, Afxisi and Ink Marketing, to avoid the judgment of divorce.[2] To substantiate this somewhat unusual legal theory, Adrienne served Armand with process on November 11, 2013. Strangely, she failed to serve either Afxisi or Ink Marketing with process, despite being a named agent of both companies, and the summons for both entities expired in February 2014.

Armand responded that Michigan was an inconvenient forum to litigate Adrienne's case, and filed a motion to quash service of process and dismiss the case. Specifically, Armand argued that, under Adrienne's legal theory and allegations: (1) all relevant events (the alleged concealment of Michael's assets) would have transpired in California; (2) all relevant witnesses (Armand's accountants, other business associates, and family members) and all relevant evidence (Armand's financial records) were located in California; and (3) any judgment obtained by Adrienne would have to be enforced in California. Armand also emphasized that traveling to Michigan was difficult for him, owing to old age and poor health. And Armand further stated that Adrienne's suit had no merit and was initiated to obtain an advantage in her federal action.

Adrienne averred that Michigan was an appropriate forum for her suit because: (1) she and the unserved corporate defendants were Michigan residents; (2) the alleged injury occurred in Michigan; (3) a Michigan judgment "would automatically be enforceable in California"; and (4) Armand could allegedly afford to travel to Michigan, but she could supposedly not afford to travel to California.

After a hearing on February 5, 2014, the trial court issued a written opinion and order that granted Armand's motion to dismiss the case on the grounds that Michigan was an inconvenient

---

[1] The articles of organization for each company listed the registered office as Michael and Adrienne's Michigan home.

[2] Adrienne has also brought another suit against Armand in the U.S. District Court for the Eastern District of Michigan. In the action, she alleges Armand committed, among other things, (1) conversion, (2) unjust enrichment, (3) breach of contract, and (4) breach of fiduciary duty in his management of the sale of Adrienne and Michael's Oakland County home. She also alleges that Armand stole some of her jewelry from the residence.

forum.[3]  And though it did not formally dismiss Adrienne's claims as to the other defendants, the court noted that its dismissal of the action against Armand "disposes of the last pending claim and closes the case" because Adrienne had failed to serve the other defendants with process within the applicable time period.

On appeal, Adrienne makes the same arguments regarding forum non conveniens that she did at the hearing, while Armand asks us to uphold the trial court's dismissal of the case. Adrienne also asserts that her claims against Michael Grant, Afxisi, and Ink Marketing should be reinstated.

## II.  STANDARD OF REVIEW

A trial court's decision "to grant or deny a motion to dismiss a case on the basis of the doctrine of forum non conveniens" is reviewed "for an abuse of discretion.  An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).  In other words, "[a]n abuse of discretion occurs only where the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Gates v Gates*, 256 Mich App 420, 438; 664 NW2d 231 (2003).

## III.  ANALYSIS

## A.  INCONVENIENT FORUM

" 'Forum non conveniens' is defined as the 'discretionary power of the court to decline jurisdiction when convenience of parties and ends of justice would be better served if action were brought and tried in another forum.' " *MDOT v Am Motorists Ins Co*, 305 Mich App 250, 254; 852 NW2d 645 (2014), quoting Black's Law Dictionary (6th ed).  The doctrine "presupposes the court has jurisdiction of both the parties and the subject-matter.  [It] also

---

[3] Specifically, the trial court held:

The Court finds that summary disposition is appropriate.  Analyzing the private interests of the litigants under the factors set forth in Cray v General Motors, 389 Mich 382 (1972), the Court finds that Michigan is not a convenient forum and that a more appropriate forum exists.  The only party served in this lawsuit is Defendant Armand Grant, who is a resident of California. . . . The Michigan LLC's listed as Defendants have not been served and the evidence presented shows that they are not in good standing in Michigan and no longer conduct business.  Even if Plaintiff were to serve all Defendants, the necessary witnesses who could testify regarding Defendant Armand Grant's financial relationship with the other Defendants reside in California and all financial records related to Defendant are located in California.  If a judgment were to be entered in Plaintiff's favor, it would have to be enforced in California.

presupposes there is at least one forum other than the forum chosen where the plaintiff may bring his cause of action." *Hernandez v Ford Motor Co*, 280 Mich App 545, 552; 760 NW2d 751 (2008). "The application of forum non conveniens lies within the discretion of the trial judge," and a plaintiff's selection of a forum is "ordinarily accorded deference." *Radeljak*, 475 Mich at 604.

To determine whether a forum is convenient for litigation, a court looks to the following factors:

    1. The private interest of the litigant.

    a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

    b. Ease of access to sources of proof;

    c. Distance from the situs of the accident or incident which gave rise to the litigation;

    d. Enforcibility [sic] of any judgment obtained;

    e. Possible harassment of either party;

    f. Other practical problems which contribute to the ease, expense and expedition of the trial;

    g. Possibility of viewing the premises.

    2. Matters of public interest.

    a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

    b. Consideration of the state law which must govern the case;

    c. People who are concerned by the proceeding;

    3. Reasonable promptness in raising the plea of *forum non conveniens*. [*Cray v Gen Motors Corp*, 389 Mich 382, 395-396; 207 NW2d 393 (1973).]

Here, the trial court explicitly referenced the above factors when it held that Michigan was an inconvenient forum for plaintiff to litigate her claim, and the court did not abuse its discretion in so doing. *Radeljak*, 475 Mich at 603. In its opinion, the trial court noted that Armand Grant lived in California, and that all "necessary witnesses who could testify regarding Defendant Armand Grant's financial relationship with [Michael, Afxisi, and Ink Marketing] reside in California." It further observed that "all financial records related to [Armand] are located in California." And the trial court correctly observed that "if a judgment were to be entered in [Adrienne's] favor, it would have to be enforced in California."

-4-

As such, the trial court considered factors 1(a) (availability of witnesses), 1(b) (ease of access to sources of proof), 1(f) (other practical problems which might contribute to ease, expense, and expedition of trial), and found that they indicated Michigan was not a convenient forum in which to litigate this case. *Cray*, 389 Mich at 395-396. This decision is not so "palpably and grossly violative of fact and logic"[4] that it is "outside the range of principled outcomes." *Radeljak*, 475 Mich at 603. In fact, there are number of other aspects of this case, which the trial court did not explicitly consider, that *support* the trial court's conclusion that Michigan is not a convenient forum in which to bring this action, including: (1) Armand's age and poor health, and the accordant stress he faces when traveling from California to Michigan; (2) the existence of Adrienne's federal suit against Armand, which indicates that she might have brought this state suit to harass him; and (3) the promptness with which Armand alleged that Michigan was an inconvenient forum for this action. *Cray*, 389 Mich at 395-396.

Moreover, it is unclear whether Adrienne actually has a cause of action against Armand, because she has simply alleged that Armand, Afxisi, and Ink Marketing are "alter egos" of the deceased Michael, that are being used to conceal his assets from the divorce judgment. Were we nonetheless to assume that Adrienne has a valid cause of action, it is debatable whether a natural person can serve as an "alter ego" of another, or whether a corporation of which Adrienne is an integral part could serve as an "alter ego" for the concealment of Michael's assets. See *Lakeview Commons v Empower Yourself*, 290 Mich App 503, 509-510; 802 NW2d 712 (2010).

Accordingly, the trial court did not abuse its discretion when it dismissed Adrienne's suit against Armand.

## B. DISMISSAL OF CASE AGAINST REMAINING DEFENDANTS

Unless a defendant consents to jurisdiction, service of process is necessary for the court to acquire personal jurisdiction over that defendant. *Dogan v Mich Basic Prop Ins Ass'n*, 130 Mich App 313, 320; 343 NW2d 532 (1983). Service of a valid summons is a necessary part of service of process. *Holliday v Townley*, 189 Mich App 424, 425-426; 473 NW2d 733 (1991). A summons is valid only for a limited time, and expires 91 days after the date the complaint is filed. MCR 2.102(D). The summons may be extended upon a showing of due diligence, but the order extending the summons must be entered within the life of the summons. *Moriarity v Shields*, 260 Mich App 566, 572-575; 678 NW2d 642 (2004). If a defendant is not served with process during the life of the summons, the action is deemed dismissed with respect to that defendant. MCR 2.102(E)(1).

Here, as noted, Adrienne served Armand with process, but failed to do so as to the other three defendants: Michael Grant, Afxisi, and Ink Marketing. The original summonses expired on February 6, 2014, while the parties' motions were pending. The trial court therefore properly concluded that Adrienne's claims as to Michael, Afxisi, and Ink Marketing were dismissed as of that time. MCR 2.102(E)(1).

---

[4] *Gates*, 256 Mich App at 438.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan