# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK OTWAY and CHAMAIE OTWAY,

        Plaintiffs-Appellants,

v

JEHAD D. JAFARI, M.D.,

        Defendant-Appellee.

UNPUBLISHED
May 11, 2017

No. 329542
Saginaw Circuit Court
LC No. 13-019880-NH

Before: BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal as of right from a judgment of no cause of action entered following a jury trial in this medical malpractice action. We affirm.

Plaintiffs filed a medical malpractice action against defendant, plaintiff Patrick Otway's primary care physician, after Mr. Otway suffered permanent conductive hearing loss in his left ear caused by a condition known as cholesteatoma. Plaintiffs alleged that defendant was negligent by failing to refer Mr. Otway to an ear, nose, and throat doctor (ENT) and by failing to timely diagnose the cholesteatoma.

In his affirmative defenses, defendant raised the doctrine of comparative negligence and asserted that Mr. Otway was comparatively negligent because, as the result of a drunk-driving accident in 1997, he suffered a skull fracture, permanent sensorineural hearing loss in his right ear, and mild hearing loss in his left ear. The jury determined, however, that defendant was not professionally negligent and, accordingly, the jury never reached the issue of comparative negligence.

Plaintiffs argue that the trial court abused its discretion by allowing defendant to admit evidence that Mr. Otway was intoxicated at the time of the 1997 accident. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Chapin v A & L Parts, Inc*, 274 Mich App 122, 126; 732 NW2d 578 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

MCL 600.6304 provides that:

-1-

(1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:

(a) The total amount of each plaintiff's damages.

(b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.

Plaintiffs do not dispute that evidence that the 1997 accident caused an injury to Mr. Otway's right ear and that evidence that Mr. Otway generally was at fault for that accident was admissible at trial for purposes of computing comparative negligence under MCL 600.6304(1)(b). Rather, plaintiffs argued below, and argue again on appeal, that evidence that Mr. Otway was driving intoxicated at the time of that accident was not relevant to the current proceedings and was more prejudicial than probative. MRE 401-403.

The trial court precluded defendant from presenting evidence or argument, directly or indirectly, that Mr. Otway had ever been arrested, charged, or convicted of an alcohol-related offense. The trial court concluded, however, that Mr. Otway's fault for the 1997 motor vehicle accident by reason of driving while intoxicated was relevant to the jury's consideration of "the nature of the conduct" of each person at fault under MCL 600.6304(2), and was not more prejudicial than probative. We agree with the trial court's conclusions.

First, we agree that evidence of Mr. Otway's drunk driving was clearly relevant to the instant dispute under MRE 401 and therefore conclude that the trial court did not abuse its discretion by refusing to exclude that evidence under MRE 402. Had the jury found that defendant was negligent in his treatment of Mr. Otway's left ear, the jury would be required to determine what proportion of the injury to Mr. Otway's left ear was the result of Mr. Otway's own negligence in order to determine comparative fault. Even if plaintiffs are to be believed that Mr. Otway suffered no damage to his left ear in the 1997 accident, plaintiffs alleged that the impact of Mr. Otway's injury to his left ear was made more severe because of the damage to his right ear. To the extent that Mr. Otway's injury to his right ear made more drastic his injury to his left ear, the jury would need to consider Mr. Otway's comparative negligence in causing the injury to his right ear when apportioning damages for any negligence on the part of defendant.

MCL 600.6304(2) plainly provides that, in determining the fault attributed to each party, the jury "shall consider . . . the nature of the conduct of each person." Therefore, had the jury found defendant negligent, the jury would have been required to consider evidence of Mr. Otway's drunk driving as the *nature of the conduct* comprising his comparative fault. Accordingly, evidence of defendant's drunk driving was clearly relevant to this dispute under MRE 401 and the trial court did not err by refusing to exclude this evidence under MRE 402.

-2-

Next, we conclude that the trial court did not abuse its discretion in refusing to exclude the evidence in its entirety as unfairly prejudicial under MRE 403. We first note that, after properly admitting the evidence as relevant to Mr. Otway's comparative fault, the trial court thoughtfully considered the prejudice to plaintiffs resulting from the nature of that evidence. The trial court cautioned counsel that "[h]aving ruled that the matters in question are admissible is not to say that defense counsel has a proverbial blank check to paint Patrick Otway as a bad person because he drove while intoxicated nearly two decades ago." The trial court then granted plaintiffs' motion to preclude evidence of Mr. Otway's drunk driving "to the extent that defendant shall not refer, directly or indirectly, to plaintiff having been arrested or convicted of an alcohol-related offense."

We believe the trial court appropriately weighed the necessity of the jury's consideration of evidence regarding Mr. Otway's comparative fault against any unfair prejudice to plaintiffs resulting from this evidence. We therefore conclude that the trial court did not err by denying plaintiffs' motion to preclude this evidence as unfairly prejudicial under MRE 403.

To the extent, as plaintiffs claim, that the limited evidence of defendant's drunk driving introduced at trial was so prejudicial as to inflame the passions of the jury against plaintiffs, a jury verdict may be vacated "where it clearly and manifestly appears that the verdict is the result of prejudice, caprice, passion, partiality, sympathy, or kindred reasons rather than a result of the consideration of the evidence and actual existing conditions." *Stowers v Wolodzko*, 386 Mich 119, 140–41; 191 NW2d 355 (1971) (internal quotation marks, citation, and emphasis omitted). Such is not the case here.

First, plaintiffs have provided this Court with no factual evidence that the jury's decision was based upon any improper bias or prejudice. Additionally, the trial court clearly and extensively instructed the jury on how they should consider the evidence of Mr. Otway's drunk driving, stating:

> You have heard evidence that Patrick Otway was involved in a motor vehicle accident in 1997, which occurred after he had been consuming alcohol.
>
> Patrick Otway is not on trial here for that accident. The only reason this evidence is presented is so that you can consider [defendant's] position, called an affirmative defense, which is that Mr. Otway was comparatively negligent because he caused that accident, which may have contributed to his hearing loss.
>
> If you believe this evidence, you must be very careful only to consider it for certain purposes. You may only think about whether this evidence tends to show that Patrick Otway was at fault in the 1997 accident, and whether his injuries suffered in 1997 caused or contributed to the injuries he alleges, in this case.
>
> You must not consider this evidence for any other purpose. For example, you must not decide that it shows that the plaintiff is a bad person or that he should not prevail in this case because he engaged in bad conduct in 1997. All

the parties in this case are entitled to a verdict based solely upon the evidence, and the instructions given by this Court.

Juries are presumed to follow their instructions, *Zaremba Equip, Inc v Harco Nat Ins Co*, 302 Mich App 7, 25; 837 NW2d 686 (2013), and there is no evidence in the record that would lead us to doubt the validity of that presumption in this case. Because the jury did not find defendant negligent in his treatment of Mr. Otway, the jury did not reach the issue of comparative fault. Accordingly, because there is no indication in the record to the contrary, we must conclude that the jury did not even consider evidence of Mr. Otway's drunk driving.

Finally, as the trial court properly noted in denying plaintiffs' motion to set aside the jury's verdict, "[t]he evidence at trial was such that the jury could have found for either side, depending upon its evaluation of the evidence." Experts could not agree on when Mr. Otway's cholesteatoma first appeared, whether the symptoms Mr. Otway explained to defendant were indicative of a cholesteatoma, or whether the ordinary primary physician should be expected to diagnose such a condition or act in any manner different than defendant did in this case. Those questions of fact were properly left to the jury's determination, see *Allard v State Farm Ins Co*, 271 Mich App 394, 406-407; 722 NW2d 268 (2006), and we are unable to conclude that its verdict was against the great weight of the evidence.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle