*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALLISON SMITH,

        Plaintiff-Appellant,

v

JOSHUA SMITH,

        Defendant-Appellee.

UNPUBLISHED
August 18, 2022

No. 360733
Ingham Circuit Court
LC No. 20-001003-DM

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

In this custody dispute, plaintiff appeals as of right the trial court's order holding that, even if it had jurisdiction over the parties' minor children, it would not exercise that jurisdiction under MCL 722.1207 of the Uniform Child-Custody and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.* We find no error warranting appellate relief because, assuming that the trial court had jurisdiction over the parties' youngest child, AS, the trial court did not abuse its discretion by ruling that it would not exercise that jurisdiction. Accordingly, we affirm.

The parties were married in New Jersey in 2015 and thereafter resided in that state. Their oldest child, BS, was born while the parties resided in New Jersey. In 2019, while plaintiff was pregnant with AS, she traveled to Michigan with BS and the two stayed with plaintiff's parents, who helped her during the last trimester of her pregnancy. AS was born in Michigan in 2019 and she and BS thereafter resided in the state with plaintiff.

On December 5, 2019, defendant filed a custody action in New Jersey. In an order dated December 17, 2019, the New Jersey court determined that it had home state jurisdiction over BS under the UCCJEA, and would exercise jurisdiction over AS.

On May 8, 2020, plaintiff filed a divorce action in the Ingham Circuit Court (the trial court) and sought joint legal and sole physical custody of the children so they could remain in Michigan. This requested relief was consistent with what the New Jersey court had already ordered in its December 17, 2019 order, and plaintiff specifically requested that the trial court "[r]ecognize the Order from New Jersey regarding Custody of the Children and NonRemoval from Michigan of the two minor children from their Mother."

The trial court entered a judgment of divorce on April 26, 2021. The judgment provided that, because the New Jersey court had determined that it had jurisdiction over the parties' minor children, the trial court would decline to exercise jurisdiction over AS under the UCCJEA even if it had jurisdiction. In a prior appeal, this Court remanded the case to the trial court "to make findings consistent with provisions of the . . . UCCJEA . . . on the issue of whether the court has jurisdiction over the parties' minor children, and if it does, whether it will exercise that jurisdiction." *Smith v Smith*, unpublished order of the Court of Appeals, entered January 13, 2022 (Docket No. 357827). On remand, the trial court again determined that even if it had jurisdiction, it would decline to exercise it, this time providing factual findings for why it concluded that New Jersey was the more appropriate state to decide this custody matter.

This appeal followed.

Initially, we note that the New Jersey court clearly had jurisdiction over BS, and thus the trial court did not have jurisdiction over BS. When defendant filed the initial custody proceeding in New Jersey on December 5, 2019, BS had been in Michigan for roughly three months, and had resided in the New Jersey his entire life before that. Therefore, New Jersey was BS's home state. NJ Stat Ann 2A:34-65(a)(1) and (b); NJ Stat Ann 2A:34-54, not Michigan, MCL 722.1201(1)(a) and (b); MCL 722.1102(g). Accordingly, the trial court could not assume jurisdiction to consider custody matters concerning BS because New Jersey, BS's home state, had not declined to exercise jurisdiction. See MCL 722.1201(1); MCL 722.1206.

This still leaves the question whether the trial court had jurisdiction to consider custody matters concerning AS. Assuming without deciding that the trial court could have exercised jurisdiction over AS, we find no error with the trial court's conclusion on remand that, after reviewing the nonexhaustive list of factors in MCL 722.1207 it would decline to exercise jurisdiction over AS.

"In child custody-disputes, 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' " *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011), quoting MCL 722.28. The great weight of the evidence standard of review instructs that "the trial court's determination will be affirmed unless the evidence clearly preponderates in the other direction." *Mitchell v Mitchell*, 296 Mich App 513, 519; 823 NW2d 153 (2012). In child-custody matters, an abuse of discretion occurs where the result is " 'so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' " *Shulick v Richards*, 273 Mich App 320, 324-325; 729 NW2d 533 (2006), quoting *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959).

The trial court's determination regarding the convenience of a forum state is reviewed for an abuse of discretion. *Radeljak v Daimlerchrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

MCL 722.1207 provides, in pertinent part:

(1) A court of this state that has jurisdiction under this act to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or the request of another court.

(2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including all of the following:

(a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.

(b) The length of time the child has resided outside this state.

(c) The distance between the court in this state and the court in the state that would assume jurisdiction.

(d) The parties' relative financial circumstances.

(e) An agreement by the parties as to which state should assume jurisdiction.

(f) The nature and location of the evidence required to resolve the pending litigation, including the child's testimony.

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.

(h) The familiarity of the court of each state with the facts and issues of the pending litigation.

Plaintiff challenges the trial court's findings with respect to Factors (a), (d), (e), (f), and (g).

With respect to Factor (a), plaintiff argues that the trial court erred when it found that it had not been presented with any evidence of domestic violence. Plaintiff asserts that she presented an "offer of proof" by alleging that defendant engaged in acts of domestic violence in New Jersey in her brief in response to the trial court's request on remand for additional information concerning any of the factors in MCL 722.1207. While plaintiff's written response to the trial court's order contains allegations of abuse, plaintiff did not present any evidence or other offers of proof with respect to these allegations, such as an affidavit that details what allegedly occurred or a police report of any domestic violence. Moreover, as the trial court discussed, plaintiff's counsel acknowledged during the hearing and at the divorce trial that there was no allegation of abuse, neglect, or domestic violence. It is not incumbent on this Court to search for factual support for plaintiff's contention. See *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998). Thus, plaintiff has not demonstrated that the trial court's findings regarding this factor were against the great weight of the evidence.

With respect to Factor (d), plaintiff argues that the trial court erred by finding that both parties were equally able to provide financial support for the children because the court did not take into account that plaintiff was the parent who provided the children's medical, dental, and prescription drug coverage. Again, however, plaintiff fails to offer any affidavit or other factual support for her assertion. Regardless, even assuming that plaintiff does provide the children's healthcare coverage, she does not explain how this renders the trial court's determination that both parties *could* provide financially for the children is incorrect. Moreover, the trial court stated that neither party's financial status was a significant factor in its analysis, and the fact that plaintiff may have been providing the children's healthcare coverage does not render this finding against the great weight of the evidence.

With respect to Factor (e), plaintiff argues that the trial court erred when it found that the parties had a "tacit" agreement to accept New Jersey's assertion of jurisdiction because, according to plaintiff, she consistently fought custody orders in both New Jersey and in Michigan. She also argues that the parties have actually consented to jurisdiction in Michigan because defendant acknowledged that child support issues were to be decided in Michigan and because defendant participated in the property division and other divorce proceedings in Michigan. However, the trial court's observation that plaintiff initially sought to have the trial court accept and enforce the earlier New Jersey custody orders is supported by plaintiff's specific request in her complaint for divorce that the court "[r]ecognize the Order from New Jersey regarding Custody of the Children and NonRemoval from Michigan of the two minor children from their Mother." The trial court's determination is also supported by plaintiff's acknowledgment that she and defendant "followed the custody/parenting time Order of the New Jersey court" and plaintiff only moved to have the Ingham Circuit Court exercise emergency jurisdiction after the New Jersey court "closed" its initial custody matter because the parties "currently [did] not have a Custody and Parenting Time Order regarding the minor children—either in New Jersey or Michigan." Thus, the trial court's observation that plaintiff was initially fine with custody matters remaining in New Jersey while the divorce and support proceedings continued in Michigan is not against the great weight of the evidence. In addition, plaintiff has failed to present any support for a conclusion that a party who participates in a Michigan divorce proceeding waives, explicitly or implicitly, the right to challenge or defend the question of UCCJEA jurisdiction regarding an earlier-filed out-of-state custody action. Accordingly, plaintiff has failed to demonstrate that the trial court's findings regarding this factor are against the great weight of the evidence.

With respect to Factor (f), plaintiff argues that the trial court's observation that the evidence and witnesses would presumably be located in New Jersey, at least in part, is equally true of Michigan. However, this argument does not render the trial court's decision against the great weight of the evidence. The trial court correctly noted that the custody proceedings began in New Jersey and that the New Jersey court had exercised jurisdiction over the custody matter involving both children, correctly or not, since December 17, 2019. Further, plaintiff has not provided any support for her assertion that "[t]he trial court here seems to be simply intent on avoiding the work the UCCJEA would assign to it." Thus, plaintiff has failed to demonstrate that the trial court's findings regarding this factor are against the great weight of the evidence.

With respect to Factor (g), plaintiff takes issue with the trial court's observation that it had not taken the usual steps to provide for child-custody, parenting-time, and support issues because plaintiff did not ask the court to do so and instead allowed New Jersey to sort child-custody issues.

-4-

Plaintiff argues that the trial court simply refused to deal with this issue once it learned that New Jersey had reinstated the custody case. As discussed earlier, however, the trial court's observation that plaintiff was initially fine with custody matters remaining in New Jersey while the divorce and support proceedings continued in Michigan is not against the great weight of the evidence. The fact that custody matters involving BS will continue to be decided in New Jersey is also relevant in determining whether New Jersey could determine custody issues more expediently, and this supports the trial court's conclusion with respect to this factor.

With respect to Factor (h), plaintiff argues that the trial court erred by finding that the New Jersey court "is unquestionably more familiar with the facts and issues related to child custody" because it has had the matter on its docket since December 2019. Plaintiff argues that because the trial court improperly refused to communicate with the New Jersey court pursuant to MCL 722.1206(2), it could not know what information the New Jersey court possessed. This argument is unpersuasive because the trial court's finding is a reasonable inference based on the available evidence, and plaintiff's arguments in no way suggest that the evidence clearly preponderates against this finding. Moreover, plaintiff's statement that the Michigan proceedings have raised "largely the same" issues is not supported by any specific evidence. Accordingly, plaintiff has not shown that the trial court's findings regarding this factor are against the great weight of the evidence.

For these reasons, plaintiff has not shown that the trial court's decision that Michigan is an inconvenient forum to decide custody matters pertaining to AS is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' " *Shulick*, 273 Mich App at 324-325. Accordingly, the trial court did not abuse its discretion by ruling that, even if it had jurisdiction over AS, it would decline to exercise it because New Jersey was the more appropriate forum to decide this custody matter.

Assuming that the trial court could exercise jurisdiction over AS, the trial court did not abuse its discretion by ruling that it would decline to do so because, after considering the nonexhaustive list of factors in MCL 722.1207, New Jersey was a more convenient forum. Accordingly, we affirm the trial court's decision to reject jurisdiction on that basis.

Affirmed. Neither party may tax costs under MCR 7.219(A).

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien